## WHEADON *vs.* OLDS.

Where a contract is made upon an assumed state of facts in reference to which there
is a *mutual mistake*, money paid under such contract may be recovered back, *pro
tanto,* in an action of assumpsit; and *it was accordingly held* in this case, where a
contract was made for the sale and delivery of oats, and the parties upon a mis-
taken state of facts, estimated the quantity at a certain number of bushels, for
which the stipulated price was paid, that the purchaser was entitled to recover
back money paid for the *difference* between the estimated and real quantity; and
that, notwithstanding he had agreed to take the oats at the estimated quantity, *hit
or miss.*

THIS was an action of *assumpsit,* tried at the Onondaga cir-
cuit in March, 1836, before the Hon. DANIEL MOSELEY, one of
the circuit judges.

The defendant agreed to sell to the plaintiff from sixteen to
twenty hundred bushels of oats, at forty-nine cents per bushel.
The delivery of the oats was commenced by removing them from
a store-house to a canal boat; tallies were kept, and when the
tallies amounted to 500, it was proposed to guess at the remain-
der ; and after a while it was agreed between the parties to call
the whole quantity 1,900 bushels, and the plaintiff accordingly
paid for that quantity at the stipulated price. When the oats
came to be measured it was ascertained that there were only 1,488
bushels delivered. It was then found that the *mistake* had hap-
pened *by both parties assuming as the basis of the negotiation,*
fixing the quantity of 1,900 bushels, that 500 *bushels* had been
loaded in the boat at the time when they undertook to *guess* at
the residue, whereas in fact only 250 *bushels* had been loaded—
the *tallies* representing *half bushels* and not *bushels,* and that
the parties supposed that the quantity loaded was not a *quarter*
of the whole quantity. The vendor refusing to refund a portion
of the money received by him, this action was brought by the
purchaser, who declared for money had and received, and deliv-
ered a *bill of particulars* stating the contract between the parties
that the oats were delivered, and "that in *measuring* said oats
"a mistake was made, whereby the plaintiff paid the defendant

" for about 300 bushels more oats than he received." **The de-**
fendant proved by one witness that the plaintiff said he would
take the oats at 1,900 bushels, *hit or miss,* and by another that
he had acknowledged that he took the oats at that quantity *at
his own risk.* He further proved that before the boat left the
store-house, on dissatisfaction being expressed by a friend of the
plaintiff who was to advance the money for him, as to the mode
of ascertaining the quantity, that he told them that if they were
dissatisfied with the quantity, to put the oats back into the
store-house, and pay him for his trouble. When the evidence
was closed the counsel for the defendant stated that he should
not question the fact that the parties *were mutually in error* in
supposing that 500 bushels of oats had been put on board when
in fact only 250 bushels had been put on board at the time of
the bargain in reference to the quantity, but insisted that the
bargain was obligatory upon the plaintiff, and that therefore he
was not entitled to recover. He also insisted that the proof
varied from the bill of particulars ; and thirdly, that at all
events the plaintiff was only entitled to recover for the defi-
ciency of 250 bushels in the first estimated quantity. The judge
charged the jury that if they should find that the parties at the
time of the bargain in reference to the 1,900 bushels were in
error as to the quantity measured, and supposed that 500 bushels
had been measured when in fact the quantity measured was only
250 bushels, and had based the bargain upon that supposition,
then that the plaintiff was entitled to recover for the *deficiency*
of the 1,900 bushels. The jury found a verdict for the plaintiff
for $190. The defendant moves for a new trial.

*S. Stevens,* for the defendant.

*J. L. Wendell,* for the plaintiff.

*By the Court,* COWEN, J. The objection at variance from
the bill of particulars was too general. It should have been
stated whether it was in quantity, or sum, or in what else.

The mistake as proved went not only to the quantity measu-
red, but the jury found, under the charge of the judge, that

relatively it influenced the entire agreement to take the oats at 1,900 bushels. One ingredient of estimating the residue, as talked of, was the assuming that the supposed 500 bushels was one-fourth of the pile, which would operate unfavorably to the plaintiff, if he reasoned from the size of the smaller to that of the larger pile. Here was an admitted error, which certainly influenced the conduct of the plaintiff to the extent of 250 bushels; and, as we must take it on the finding of the jury, to the full amount which the oats came short of the 1,900 bushels. All the excess of payment arose from a count of *half bushels* as *bushels.* And the only question in the least open is, whether an agreement, based on that mistake, to accept the oats at the plaintiff's own risk of the quantity, shall conclude him. The mistake which entitles to this action, is thus stated by the late Chief Justice Savage from the civil law : "An error of fact takes place, either when some fact which really exists is unknown, or *some fact is supposed to exist which really does not exist.*" *Mowatt* v. *Wright*, 1 *Wendell*, 360. He cites the words of 2 *Ev. Poth.* 437. *And see* 1 *Dom.* 248, *B.* 1, *tit.* 18, § 1, *pl.* 1. In judging of its legal effect, we must look " to the regard which the contractors have had to the fact which appeared to them to be true." 1 *Dom.* 250, *B.* 1, *tit.* 18, § 1, *pl.* 11. And when we see that the agreement is the result of such a regard, or, as the judge said to the jury, is based upon it, I am not aware of any case or dictum, that, because part of the agreement is *to take at the party's own risk*, or as the parties expressed it here, hit or miss, it therefore forms an exception to the general rule. The agreement to risk was, *pro tanto*, annulled by the error. The money was paid under a contract void for so much as the oats fell short of 1,900 bushels. The effect would have been very different, had the truth been known to the plaintiff. *See Domat as before cited.* The foundation of the arrangement to take at the plaintiff's risk, was a misreckoning, one number being put instead of another, " which," says *Domat pl.* 12, " is a kind of error in fact different from all other errors, in that it is always repaired."

The motion for a new trial is denied.