## Boyer *vs.* Elizabeth Pack.

Where a creditor claimed and received from his debtor upon the liquidation of a security bearing annual interest, an amount ascertained by a third person who made annual rests and computed interest upon interest, both parties supposing the amount paid to be correct; *held* that an action for money had and received would lie to recover back the excess paid beyond the amount due by a calcula-tion upon correct principles.

Error to the Seneca common pleas. Mrs. Pack sued Boyer before a justice for money paid him by mistake. *Non assump-sit* was pleaded and the plaintiff recovered a judgment in the justice's court, which was affirmed on *certiorari* in the common pleas. The defendant held a bond and mortgage against the plaintiff, payable by instalments, with interest annually. The instalments and interest were not regularly paid, though some payments were from time to time made on account. Before the commencement of the suit the plaintiff's agent and the de-fendant met for the purpose of adjusting the amount which remained due, when the defendant claimed $231,08 as the true amount, and said that the interest had been calculated by a third person whom he named, but if not correct and legal he would pay it back. The plaintiff's agent paid this amount and took up the bond and mortgage.

It was shown that by computing the interest upon the amount

due down to the time when the respective payments made would exceed the interest and then applying them, the amount due at the time of the final payment would be \$208,42; but if the computation were made by annual rests, reckoning interest upon the aggregate of principal and interest due at the end of each year, the amount claimed and paid would be correct. The suit and recovery were for the difference arising upon these two modes of calculation.

*A. Gibbs,* for the plaintiff in error.

*J. E. Seeley,* for the defendant in error.

*By the Court,* JEWETT, J.   There is no dispute in respect to the facts in this case, and very little room, as I think, to differ as to the principles of law which must control it.

It is a familiar principle which seems not to be denied here, that money paid by one to another, under a mistake as to *facts,* may be recovered back in an action for money had and received. (*Mowatt* v. *Wright,* 1 *Wend.* 355; *Waite* v. *Leggett,* 8 *Cowen* 195.) Was there an error of fact in this case? The fact supposed to exist was, that the interest at the time this money was paid to the defendant, had been correctly computed. It turned out that both parties were mistaken in that fact. The computation had been made upon erroneous principles, by reason of which the amount apparently due on the bond and mortgage was larger by the amount for which the judgment was obtained than the true sum when computed upon correct principles. No doubt if the plaintiff had paid the money voluntarily, with knowledge or information of the mode adopted in computing the amount, she would have been without remedy—as it was not received usuriously. It is a clear case of the payment of money under a mistake of fact, to recover which the action was well sustained. (*Stoughton* v. *Lynch,* 2 *John. Ch.* 209; *Mowry* v. *Bishop,* 5 *Paige,* 98; *Connecticut* v. *Jackson,* 1 *John. Ch. R.* 13.)

Judgment affirmed.