## Hargous *vs.* Ablon & Boyd.

Where goods are sold in close packages, and there is a mutual mistake between the parties as to the *quantity*, the vendee is entitled to recover from the vendor for any deficiency, at the rate at which they were purchased. *Per* Lott, *Senator.*

But he cannot recover remote damages resulting from the quantity being so deficient. Therefore, where cloth was purchased in bales in New-York, for the Mexican market, the vendor knowing their destination, and the vendee shipped them to a Mexican port where they were entered at the custom house, according to the invoice by which they were purchased, which by a mutual mistake represented the number of yards to be considerably greater than the actual quantity, and the vendee was by this means obliged to pay duties and commissions on the quantity deficient; *held* that he could not recover this excess from the vendor.

On error from the supreme court. Hargous sued Ablon & Boyd in the superior court of the city of New-York, and was nonsuited on the trial. He brought error to the supreme court, where the judgment of the superior court was affirmed, as will be seen from the report of the case in that court, in 5 *Hill,* 472. The bill of exceptions taken in the superior court disclosed the following facts:

The plaintiff, a commission and shipping merchant in New-York, purchased of the defendants, who were also commission merchants and dealers in dry goods in that city, a quantity of *cottonade,* to fill an order of a correspondent in Mexico. The object of the purchase was communicated to the defendants. The goods were in close bales, and were sold and the amount calculated, and the bill or invoice made out and delivered to the plaintiff, by the defendants, from the documents in their possession, which had been received from their principal, the Bank of Industry at Hamburgh, and on the basis that the several pieces of cottonade contained the specific number of *aunes* in French measure which were mentioned in the invoice; and they were paid for by the plaintiff, on that basis and understanding. They were sent by the plaintiff to Mexico in the original bales unopened, and entered at the custom-house in Vera Cruz, according to the invoice furnished by the defendants, and the duties and imposts thereon were there levied and paid on the same basis, at a

Hargous *v.* Ablon.

certain specified rate for each yard, pursuant to the laws of Mex·
ico. On the delivery of the goods to the Mexican purchasers,
it was for the first time discovered that although the number of
pieces was correct, there was a great deficiency in the number
of yards. This arose from the defendants' calculating the con-
tents of the invoice which came to them according to the French
measure, as was customary where goods were sent from Ham-
burgh, whereas Brabant measure was intended ; the Brabant *aune*
being only about twenty-seven and an half inches, while the
French was forty-five inches. This mistake as to the quantity
was unintentional and arose without any fraud, misrepresentation
or concealment on the part of the defendants. The computa-
tion was made from the original invoices and packages accom-
panying the goods on the importation thereof, which had never
been opened, and in the belief that the documents and papers
received from their principals meant French and not Brabant
*aunes*, it being customary to specify when any other *aune* than
French is meant and intended. The Bank of Industry were
not manufacturers, but received the goods in the usual course of
business, accompanied by similar invoices containing the same
mistake. The defendants have refunded to the plaintiff the
amount overpaid to them, and the object of the present action is
to recover the duties paid to the Mexican government, which
they according to " the usual custom of that government," as it
is stated, refuse to refund, and the commissions thereon, together
with the commissions paid on the difference between the actual
and estimated quantity of the goods.

*D. Greig*, for the plaintiff in error.

*Charles O'Connor*, for the defendant in error.

LOTT, Senator. It is clear that the goods in question were
sold by the defendants under a mutual mistake of both parties,
as to the actual quantity sold. This mistake originated in the
mutual assumption that the measurement was in French, where-
as in fact it was in Brabant measure, and the contract was

entered into on that basis. The difference in price between the actual and estimated quantity has since been refunded by the defendants to the plaintiff. It appears, however, that the goods were entered at the custom-house in Mexico, and duties paid on the number of yards specified in the invoices estimated in French measure, and that the Mexican government refuse to refund any portion thereof, " such being the usual custom of that government." The plaintiff has also paid commissions according to the quantity of goods supposed to have been contained in the packages. The only question, then, to be considered is whether the plaintiff is entitled to recover the amount of duties and commissions so paid by him on the difference between the estimated and actual quantity.

It appears to be settled that parties entering into an agreement with the understanding and on the basis that certain facts exist, but as to which they are mutually mistaken, are, on a discovery of their mutual error, remitted to their original rights. *Cox* v. *Prentice*, (3 *M. & S.* 344,) was determined on this principle. A bar of silver had been purchased by the plaintiffs, of the defendant, and paid for according to the number of ounces calculated by an assayist; but it being afterwards ascertained that a mistake had been made by which they had paid more than its value, they brought their action and recovered the excess. Lord Ellenborough said it was a case of mutual innocence and equal error, and a proper case for an action to recover the excess. The same rule was recognized and adopted in *Wheadon* v. *Olds*, (20 *Wendell*, 174.) There it appeared that a contract had been made for the sale and delivery of oats, and the parties upon a mistake of facts, estimated the quantity at a certain number of bushels, for which the stipulated price was paid. Upon a discovery of the mistake, it was held that the purchaser was entitled to recover back the money paid for the difference between the estimated and real quantity. (*See also Mowatt* v. *Wright*, 1 *Wend.* 355.) In *Cripps* v. *Reade*, (6 *T. R.* 606,) Lord Kenyon held that when money was paid under a mistake of facts, an action for money had and received would lie to recover it back. (*See* 1 *Wheat. Sel. N. P.* 77, *ed. of* 1831.)

Hargous *v.* Ablon.

The present suit is an action on the case, but no question of form is raised, the bill of exceptions containing a stipulation that "the plaintiff's right of action should be deemed to depend upon the question whether he was entitled to recover the said duties and commissions, or any part thereof."

Under the rule above referred to, the plaintiff was entitled to be refunded what has been paid to him, but it appears to me to afford no ground for the recovery of the duties and commissions. The defendants, if they could be held liable therefor, would stand in a situation very different from that in which they originally stood. They would, in such a case, instead of being remitted to their original rights, be charged for damages growing out of the transactions and dealings of the plaintiff. It was insisted, however, on the part of the plaintiff, and indeed it appears to have been conceded on the trial, that the defendants were to be considered as warrantors of the quantity charged in the bill. Assuming this position to be true, (as to which I express no opinion,) (a) I do not think that the warranty would give any right to the damages claimed. The goods were to be delivered to the plaintiff at New-York, and if he had discovered the error in the quantity there, all he could have required of the defendants would have been to make their contract good. (*See Blanchard* v. *Ely*, 21 *Wend*. 342, 347.) The purchaser was entitled to have the article made equal in quantity to what the warranty assumed it to be, and the measure of damages in such cases would have been the difference in price between the estimated and real quantity, no increase in value being shown between the sale and delivery. (*See Voorhees* v. *Earle*, 2 *Hill*, 288, 291; *Long on Sales, Rand's* 2d ed. 477, 479.) The knowledge by the defendants that the goods were purchased for the Mexican market, cannot alter their rights or increase their obligations. The expenses incurred at the custom house there were not the direct and immediate consequence of the vendors' default, but resulted from the plaintiff's own act. The defen-

(a) See *Long on Sales, Rand's ed.* 202.

dants had no agency or control over him or the goods, after their delivery.   The over-payment of the duties was totally distinct from, and foreign to, the contract of purchase.   It is no ground of claim, that it is the usual custom of the Mexican government not to refund duties overpaid under a mistake.   The defendants can be held liable only for their own acts, not for the fraud or injustice of a foreign government.   The claim for commissions . stands on the same principle.   The nonsuit below was, therefore, properly granted, and the judgment of the supreme court ought to be affirmed.

On the question being put, " Shall this judgment be reversed ?' · all the members of the court present, who had heard the argument, viz: The PRESIDENT, and Senators BACKUS, BURNHAM, DENNISTON, DEYO, EMMONS, HAND, HARD, JONES, LOTT, PORTER, SANFORD, J. B. SMITH, S. SMITH, TALCOTT and WHEELER, (16,) voted for affirmance.

Judgment affirmed.