By the Court. Sandford, J.
In May, 1846, the plaintiff, then a widow, conveyed and transferred all the property in question to a trustee, in fee, and absolutely. The only rights she reserved were, the entire control of the income for her separate use during her life, the direction of the investment and re-investments of the capital by the trustee, the power to dispose of the whole by an instrument in the nature of a will, and the full restoration of the property, if she survived her intended husband. So long as the coverture continued, the settlement gave her no interest in the capital, and she had no power of disposal which could take effect during her life.
*414 The intended husband joined in the conveyance, and covenanted not to interfere with the trust estate otherwise than in conformity to the provisions of the settlement. He is not at liberty, therefore, by assent or acquiescence, to* defeat or impair the designs of the trust.
In the event of the plaintiff's death,, leaving her husband surviving, and without having made any appointment, the trustee is required to pay over and transfer the trust estate “ to sack person or persons as would be the legal representatives" of the plaintiff, ‘* by the statute for the distribution of intestate's estates."
The first question argued arises upon this clause of the settlement. It is claimed, on the one hand, that if the plaintiff die, leaving her husband and children surviving, the husband will take the trust estate • and on the other hand, that it will all devolve upon the children.
Conceding for the argument, that if there be both husband and children living at the death of the plaintiff, the former would be entitled to the capital of the trust estate, in default of an appointment r the nature of the respective interests in the property, at this time, are as follows:
The whole estate is in the trustee. The plaintiff has a trust interest in possession, in the income of the property, for life, with a future absolute interest in trust, which is contingent upon her surviving her husband; and a power to' dispose of the whole by will. The husband has a future trust interest in the capital, contingent upon his surviving the plaintiff, and • which, if it ever vest in him, in possession, will also be an absolute estate. The children have no interest in the property. They have merely probable advantage in the continuance of the trust, so that they may become appointees under the power. This is putting the case in its strongest possible aspect for the plaintiff, and what is the result ?
First.—As to the real estate, neither the plaintiff nor her husband have any estate or interest in the property itself. They have only a right in equity to have the trust executed. (1 R. S. 729, § 60.) The plaintiff's right to receive the income is inalienable. (Ibid. 730, §.63.)
*415 Next.—As to the personal property, the settlement restricts the disposal of the income, and prohibits the consumption of the capital. It is a contract, which the plaintiff, at least before the act of 1848, had no capacity to alter, and the husband is prevented by his covenant from interfering in the matter. However, in respect of the whole fund, both real and personal, the trustee is forbidden by law, to do any act in contravention of the trust. And the husband’s trust interest in the personalty, being both future and contingent, it is subjected to all the fetters upon alienation provided in the statute of uses and trusts. (L R. S. 730, § 65 ; 773, § 2.)
Such being the state of the rights and interests of these parties, at the passage of the act of L848, entitled “ An act for the more effectual protection of the property of married women.” (Laws of 1848, ch. 200, page 307,) are they in any wise affected by its provisions?
The second section, on which the plaintiff relies, enacts that “ the real and personal property, and the rents, issues and profits thereof of any female now married, shall not be subject to the disposal of her husband, but shall be her sole and separate property, as if she were a single female, except so far as the same may be liable for the debts of her husband heretofore contracted.” The object of the statute, as expressed by its title, assuredly, was not to enable married women to destroy their marriage settlements, by which their property had already been “ effectually protected,” for the benefit of themselves and their children. All experience demonstrates, that vesting the wife with unlimited control of her property, will place it in far greater jeopardy than limiting it by a judicious settlement.
To apply the act to this estate. What was the real and personal property and its income, belonging to the plaintiff, which by the act were to be her sole and separate property, as if she were a single female ? Not the property which she owned before her marriage, and as it existed when the settlement was executed. She had parted with that, irrevocably, to the trustee. All the property she had, at the passage of the act, was her interest, present and future, in the trusts created by her conveyance to the trustee, to be exercised over and upon the *416 property transferred to him. Such right and interest as she had, was her sole and separate property at the passage of the act, as effectually as it was possible to be in the nature of things. If she were a single female, she could not alter her executed conveyance to the trustee. The statute, therefore, did not affect it, for the plain reason, that she had already all the control that the statute aimed to give.
The effort and the argument, on the part of the plaintiff, is not to have a more enlarged control of her property, as she held it under the marriage settlement; but to set aside the settlement and give to her the capital of the estate, as she held and owned it before her conveyance to the trustee.
The statute does not profess to interfere with existing grants and contracts, and if there were no other obstacle, we cannot give it a retrospective action by intendment If, however, it had, in terms, been made applicable to executed settlements, and had divested the estates of the trustees, it would have been utterly nugatory.(a) The plaintiff’s grant to the trustee is a contract, and even the possibilities created by it, are perfect rights of property, held under an executed contract. A statute impairing this grant would be void, by the provision in the constitution of the United States, against enactments by the states impairing the obligation of contracts.
The result is, that assuming the children have no rights in the settlement, the statute of 1848 does not affect it, and the parties in interest are precluded by the statute of trusts, from revoking the conveyance to the trustee.
If, perchance, we have taken too restricted a view of the effect of the settlement, and the capacity of the parties to reconsider and annul it, since the act of 1848, there can be no doubt that the trust is irrevocable by this court, as well as by the parties, provided the children are to take in default of an appointment, on the death of the plaintiff in her husband’s lifetime. In the event of such default the property is to devolve *417 upon those who are the plaintiff’s legal representatives, by the statute of distributions.
The term “ legal representatives” is not used in this instrument in its ordinary sense. It clearly does not mean executors or administrators. It is those legal representatives who are designated by the statute of distributions of intestate’s estates. Now the husband, at no period of the law, has taken the wife’s personal property at her death, “ by the statute of distributions,.” He is entitled to it by the rules of the common law and would take it if the whole statute law were silent on the subject. The only reason for mentioning the husband’s right in the statutes relative to administration and distribution, is in the one case to regulate the claim to administer, and in the other, from abundant caution, to exclude any possible mis-application of the section governing the distribution of intestate’s personal effects. (See 2 R. S. 75, § 39, 30; Ibid. 96, 97, § 75, 79 ; 1 Rev, Laws, 313, 314.)
The husband would, at her death, be the plaintiff’s legal representative, (in the sense in which the words are used in this instrument,) by the rules of the common law; her children and their issue, would be her legal representatives by the statute of distributions. If the language had been simply, her “ legal representatives,” the question would have been between the husband and the administrator; and as our statute grants administration to the husband, he would have taken the property either beneficially, or officially, as such representative. But we think the addition of the words “ by the statute of distributions,” cha ges the devolution totally, and carries it to the next of kin, to the exclusion of the husband.
We find no parallel case in the reports, though there are several, either analogous in principle, or in favor of excluding the executors and administrators ; among which are Walter v. Makin, (6 Simons, 148;) Cotton v. Cotton, (2 Beavan, 67;) Booth v. Vicars, (1 Collyer’s Ch. C. 6 ;) and the cases collected in 2 Jarman on Wills, 39, &c.
In this construction of the trust deed, the infant children of the plaintiff have a contingent future estáte, which the court cannot divest, and which the statute of 1848 would have failed *418 to affect, if it had attempted it in. terms. And further,, all the future issue of the marriage- will have similar estates, which any decree in this suit could not affect or impair.
The complaint cannot be sustained, and there must be judgment for the defendants.

 Holmes v. Holmes, (4 Barb. Sup. Court Rep. 295;) White v. White, (5 Id. 474.)