GEORGE ALLEN *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

Where an owner of lots in the city of New York is notified by the corporation that his lots have been assessed for the grading of the street upon which they are located, that such assessment has been confirmed, and payment is required; and is further notified, that unless payment is made, measures will be taken to collect it, and he is thereby misled, and, under a mistake, in ignorance of the facts, he pays the assessment; upon discovering that his lots were not assessed, and that the actual assessment is upon other lots on the same street, he is *prima facie* entitled to recover back the money, as money paid under a mistake. INGRAHAM, FIRST J., *dissenting.*

The mere circumstance, that by the use of diligence and the examination of maps or records in the possession of the corporation, he might have discovered the truth, and avoided the mistaken payment, will not prevent a recovery.

The effect of voluntary payments and of payments under a mistake, discussed.

APPLICATION to the general term, for a new trial, after a dismissal of the complaint directed by INGRAHAM, FIRST J. The ground of the dismissal was, that the complaint did not contain a cause of action. The substance of the allegations therein are given in the opinion of WOODRUFF, J.

*Samuel W. Judson* and *Edward W. Andrews,* for the

plaintiff, cited Story on Contracts, (2d ed. 1847,) §§ 409, 410, 411, 422, and notes; Addison on Contracts, pp. 231, 232; 2 Kent's Com. (7th ed.) 631–634, and notes; *Utica Bank* v. *Van Grison,* 18 Johns. R. 485; *Wheadon* v. *Olds,* 20 Wend. 174; *Canal Bank* v. *Bank of Albany,* 1 Hill, 287; *Graves* v. *Harwood,* 9 Barb. 477; *Pitcher* v. *The Turin Plank Road Co.,* 10 Barb. 436; *The Bank of Commerce* v. *The Union Bank,* 3 Comst. 230; *Martin* v. *McCormick,* 4 Seld. 331; *Chegary* v. *The Mayor, &c., of New York,* 2 Duer, 521; *Preston* v. *The City of Boston,* 12 Pick. R. 7; *Joyner* v. *Third School District in Egremont,* 3 Cush. R. 567, see pages 571, 573; *Northrop* v. *Graves,* 19 Conn. R. 548; *Tybout* v. *Thompson, &c.,* 2 Browne, 27; *Kelly* v. *Solari,* 9 Mees. & Wels. 54; Davies' Laws relating to the City of New York, p. 567; §§ 270, 271 of Act of 1813; *Mayor, &c., of New York* v. *Wm. Colgate,* 2 Duer, 1.

*Abraham R. Lawrence, Jr.,* and *Robert J. Dillon,* (counsel to the corporation,) for the defendants, cited *Fleetwood* v. *Mayor, &c.,* 2 Sand. S. C. R. 475; *Silliman* v. *Wing,* 7 Hill, 159; *Supervisors of Onondaga* v. *Briggs,* 2 Denio, 26, 40; *Elliott* v. *Swartwout,* 10 Peters, 137; *Clinton* v. *Strong,* 9 Johns. 370; *Edge* v. *Koontz,* 3 Barr, Penn. R. 109; Laws of 1813, vol. 2, 421, § 186.

BY THE COURT. WOODRUFF, J.—I am constrained to say, that upon the facts averred in the complaint in this action there is, in the plaintiff, a *prima facie* right to recover. And the complaint having been dismissed on the trial upon the sole ground that the complaint does not set forth a sufficient cause of action, that is the only question presented by the appeal. And I hardly need to add, that in considering this question every allegation of fact is to be taken to be true, and true in manner and form, as it is alleged.

The action is then brought to recover back money claimed to have been paid under such a mistake as entitles the plaintiff to reclaim it.

The facts averred are, that the plaintiff was the owner of certain four lots of ground on the southerly side of 62d street, in this city, lying easterly of the Seventh avenue, which he had purchased from one Sullivan E. Bennett;

That the defendants, in the month of September, 1853, gave notice to him to the effect that his property, fronting on 62d street, that is to say, the above described four lots of land, was charged with an assessment in the sum of $172 88, and demanded payment thereof;

That in the month of December, 1853, the defendants left, at the plaintiff's residence, a notice, entitled with the name Sullivan W. Bennett, meaning and intending thereby, Sullivan E. Bennett, the plaintiff's grantor, reciting that the defendants had given him previous notice to pay the said sum of $172 88 assessed upon his property for grading 62d street, between the Seventh and Eighth avenues, with a parenthetical reference to maps numbers 2, 3, 4 and 5, which was confirmed on the 12th July, 1853; and that unless payment was made, interest would be charged, and measures taken to collect, &c.;

That by reason of these acts of the defendants, the plaintiff was led to believe, and did verily believe, that such assessment had been laid and did exist upon the said four lots of land; and in reliance upon the said notice and a bill of the amount of such assessment rendered to him by the defendants, he paid such assessment, with the interest accrued thereon, to the defendants;

That he afterwards discovered that there was not, and never had been, any assessment imposed on his said four lots of land on 62d street, nor upon any lots on 62d street ever owned by him or by Sullivan E. Bennett;

That he further discovered that such assessment was, in fact, laid upon other four lots of land on 62d street, westerly of the Seventh avenue, between the Seventh and Eighth avenues, which never belonged to him or to Sullivan E. Bennett, nor were ever in the possession of either of them;

That such payment was made by him to the defendants entirely through mistake and under a misapprehension; and that

on making discovery of the facts, he notified the defendants of the mistake, and demanded repayment of the money so paid.

There was no dispute on the argument, and there could be none in regard to two general propositions connected with this subject, viz., that money paid under mistake or ignorance of material facts, may be recovered back; and on the other hand, that money voluntarily paid, with full knowledge of the facts, cannot be recovered back.

The defendants insist that the complaint here shows a payment of the latter description, upon the ground that the plaintiff had the means of discovering the mistake before the payment, and was guilty of laches in not doing so; and that the payment by the plaintiff extinguished the defendants' lien upon the lots actually assessed, and so to allow the plaintiff to reclaim the money will leave the defendants to suffer loss, through the plaintiff's negligence.

It would be difficult for me to state the plaintiff's case, as made out by the complaint, more clearly than it is done in the complaint itself. How his case will appear in proof we are not now to inquire. To my mind the complaint distinctly shows: that the money was paid by the plaintiff under an actual mistake, in the honest belief that an assessment had been laid upon his lots, which assessment he knew, as matter of law, if in fact laid, would involve him in expense or the loss of his property if not paid, that in this state of mind the money was paid; that this mistake and this belief were induced by the acts of the defendants themselves—the very parties who have authority to lay assessments—and who did lay the assessment referred to, and who, therefore, knew what lots were affected thereby; that, although the plaintiff might have had the means of ascertaining the truth on the subject, yet even that means was by a resort to records and papers not in his own possession, but in the possession of the defendants. For, although the grading mentioned in the second notice was described as between the Seventh and Eighth avenues, that did not inform him that the assessments were on lots located there, but did state in one, that the assessment

was on his lots, and in the other that they were the lots of his recent grantor.

And my conclusion is, that the plaintiff was at liberty to act upon these notices. That it is not enough to prevent a recovery of money paid by mistake to show that the payor had means of knowledge by which it could have been avoided. Hardly a case can be found in which, if the possession of such means of knowledge defeated the action, any recovery could be had.

In the *Utica Bank* v. *Van Grison*, 18 J. R. 435, the plaintiff paid over money as proceeds of a note deposited for collection, under a mistaken belief that such note had been paid to their agent, and that belief rested solely on the fact, that they had received no notice of its protest; and yet they had themselves been party to an arrangement that it should not be protested, and so had not warrant in the first instance for the mistaken supposition, and besides, by correspondence with their agent, they had full means of knowing the actual state of facts.

In *Wheadon* v. *Olds*, 20 Wend. 174, money paid upon a mistaken estimate of the quantity of oats sold, was recovered back, though both parties were present at the delivery of the oats, and agreed upon the estimate, the payor agreeing to take the risk. Having made their estimate upon a mistaken assumption, the plaintiff recovered; and yet, if having means of knowledge would have defeated the action, it would have been obvious to say that the purchaser might have measured the oats. And the case of *Wait* v. *Leggett*, 8 Cow. 194, not only repudiates the idea that having means of knowledge is to be taken as tantamount to actual knowledge, but it even sustains the broader proposition, that to constitute a voluntary payment, it must appear that the money was paid with knowledge of the facts, which showed no liability to pay, and even with knowledge that it ought not to be paid.

The authorities cited by the counsel for the appellants show that the liability to refund does not depend on the question, whether the payor might, by reasonable diligence,

have ascertained the facts. *Kelly* v. *Solari*, 9 Mees. & Wels. 54, holds, that forgetfulness of a fact, which had in truth been communicated, is sufficient to warrant a recovery.

And those authorities show the rule to be, that a plain and palpable ignorance of the facts at the time of the payment, will entitle the mistaken party to recover back. (See cases cited by appellants, and cases in note to Story on Con. §§ 409 to 422.) And these rules ought much more clearly to obtain when, as I think, it is shown by the complaint, (indeed, as it is distinctly averred,) the mistake was caused by the acts of the defendants themselves. Occupying the relation which the defendants do to the plaintiff in this matter, having authority in their official and governmental capacity to impose and collect assessments, having the control and possession of the records and maps relating to such assessments, the plaintiff was not only warranted in acting upon their notice according to the natural inferences deducible from the service thereof upon him by the defendants, but he had a sort of official sanction of the very mistake under which he paid the amount.

Why, then, ought not the defendants to repay the money so received from the plaintiff? He owed them nothing; and they had in fact no claim nor color of claim to any payment from him. I can find nothing in the complaint, upon which it can be said that in conscience they should be permitted to retain it. If any such facts exist, not apparent on the face of the complaint, the defendants must use them as a defence, and the case should have gone to trial and verdict.

The cases of *Silliman* v. *Wing*, 7 Hill, 159 ; *Fleetwood* v. *The Mayor*, &c., 2 Sandf. 475 ; *Supervisors of Onondaga* v. *Briggs*, 2 Denio, 26, and other cases referred to by the defendants' counsel, go no further than is conceded above, that a payment, with actual full knowledge of the facts, cannot be reclaimed, and that a party to negotiable paper is, as matter of law founded in public policy, chargeable with knowledge of the handwriting of a party to such paper, whose genuine-

ness he has sanctioned by his own acceptance or endorsement.

It is claimed that the payment by the plaintiff discharged the assessment as a lien on the lots actually assessed, and that if the plaintiff be permitted to reclaim the money, the defendants will lose thereby. If this were conceded, I am by no means satisfied that the allegations in the complaint do not sufficiently charge this mistake to the fault of the defendants to visit upon them the consequent loss. But I apprehend that the proposition itself is not warranted by any facts appearing in the complaint, nor have we been referred to any authority for any such proposition. The owner of the lots actually assessed could not, as between him and the defendants, successfully claim the benefit of this payment. He has paid nothing. There is no pretence or color of any thing to entitle him to the benefit of the plaintiff's payment. Upon the same ground that the plaintiff can show mistake in this action, the defendants can show that any entry or memorandum indicating that the assessment is paid was founded in mistake. Is it to be tolerated, that if by any mere oversight an assessment should be marked paid upon the defendants' books, that entry is to be taken forever as conclusive, although the error is discovered, it may be before the ink is dry ; and if it may be corrected, if discovered, within one hour, so it may be at any time, before some other party has acted in reliance upon the defendants' act, in such wise that they should be held estopped thereby.

And so long as the rights and interests of third persons, acting upon the faith of the defendants' acts, will not be prejudiced, the effect of an erroneous entry of this sort no more discharges the lien on the lots for the assessment, than it does the personal responsibility of the owner whose lots are assessed.

The case of *Colgate* v. *The Mayor, &c.*, 2 Duer, 1, shows that where an assessment is, in fact, paid by a purchaser, intending to pay that very assessment, if by reason of a failure of the title the money is repaid, the defendants are

remitted to their original rights to collect the assessment of the owner; and the assessment is regarded as still a lien in the nature of a mortgage upon the lots assessed.

That was an action to recover the money, but the principles of the decision are equally available to sustain the lien upon the lots in the hands of the owner.

There is, therefore, nothing in the complaint to show that, on the rectification of the mistake upon notice given to them as avowed, the defendants might not have proceeded to collect the actual assessment by all the means available in any case against the lots assessed or the owner thereof.

The statute to which we are referred, (2 Rev. L. 421,) and which it is claimed, gives this plaintiff recourse to the owner of the lots actually assessed—has, in my opinion, no application to this case. If it could be applied to a payment by mistake, it would require very plain implication to warrant us in saying that such recourse was exclusive of other remedies. But that statute is evidently applicable to a case of landlord and tenant, and parties between whom some agreement exists, binding one to pay such assessment, or where other relations exist in which the legal duty—as between themselves—is devolved upon one; and yet, by a strictly legal proceeding, the assessment is imposed upon and collected of the party, who, though in fact and in law liable to pay it as between him and the defendants, is, nevertheless, by reason of such agreement or other relation, entitled to indemnity from the other.

It seems, therefore, to me that upon the facts stated in the complaint, the plaintiff was in law, as well as in equity and good conscience, entitled to recover back the money he had paid; and that the judgment of dismissal should, therefore, be reversed, and a new trial ordered, the costs to abide the event.

DALY, J., *concurred.*

INGRAHAM, FIRST J., *dissenting.*—In this case the facts, as

admitted, show a mistake on the part of the plaintiff, but none on the part of the defendants. That upon such payment being made, the moneys were applied to other lots than the plaintiff's.

The rule as to paying money back, paid under a mistake of facts, applies only where the mistake is mutual, or where the party receiving is guilty of fraud.

Where the party, to whom the money is paid, receives it without any mistake on his part, and it is applied to the payment of a claim justly due, there is no mistake on his part, and there is no pretence of any intended fraud.

I think, also, the plaintiff was bound to inquire before he paid his money in discharging an assessment upon lots.

He had a notice of the extent of the grading. He is supposed to know the law to be, that the assessment for grading cannot be extended beyond the land graded. He had the numbers of lots on which the assessment was claimed, and was guilty of negligence in making the payment without such examination as would have informed him that the assessment was not on his lots.

This question, in regard to payment of taxes and assessments, is of too much importance to public interest to be rested solely on the mistake of the party making the payment. If such mistake is sufficient to enable him to recover back the money in an action against the defendants, it may be done after five years as well as after one; and affects changes of property, which, on searching, may be declared to be free from such taxes and assessments, in consequence of the payment so made. Where made without a mutual mistake of both parties, the party paying should be left to his remedy under the statute, and not allowed, years afterwards, to recover it back for his mistake, when there was no mistake on the part of the defendants.

New trial granted, costs to abide the event.