IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF NEW JERSEY,

AT NOVEMBER TERM, 1859.

---

### ISAAC BAKER, Executor, *vs.* WILLIAM E. BAKER.

1. The true rule of calculating interest where partial payments have been made is to cast the interest on the principal to the time of the first payment, and if the payment equals or is greater than the interest, deduct the payment; if the payment does not equal the interest, it is not to be credited until, with future payments, it equals or exceeds the interest then due.

2. If an erroneous rule of computing interest is adopted with the knowledge and consent of the parties, although adopted ignorantly, it is a mistake in law; but if there is a mistake in the calculation, it is a mistake of fact.

3. Where parties make a settlement of an entire indebtedness, and the debtor gives his bond for the balance found due, the bond is conclusive between the parties as to the indebtedness intended to be included in it; and even if given for more or less than is actually owing, its consideration cannot be inquired into, nor the error corrected in a court of law.

4. If a creditor receive from his debtor a new and higher security, the original debt for which such new security is given is merged in and distinguished by it.

VOL. IV.                                        B

5. Where an indebtedness is entire, a recovery of part of it in an action at law will bar a recovery for the residue.

This action was commenced in this court, and was tried before a jury at the Somerset circuit. On the return of the *postea*, a motion was made for a new trial.

Argued before the CHIEF JUSTICE and Justices WHELPLEY and OGDEN.

*Hageman*, for the plaintiff.

*G. H. Brown*, for the defendant.

The opinion of the court was delivered by

WHELPLEY, J. On the first day of April, 1836, the defendant was indebted to the plaintiff in the sum of $1750, for lands sold and conveyed by the plaintiff to defendant. In March, 1852, a settlement and adjustment of the amount due was made by William Lytle and Dr. Ferdinand S. Schenck, chosen by the parties for the purpose. Various payments had been made upon the $1750, at different times, between 1st April, 1836, and March, 1852. These gentlemen were called not to arbitrate; but to calculate the true amount due after allowing the payments by the correct mode of computation. They mistook the rule; calculated the interest on the whole sum for the whole time; added to it the principal; calculated the interest on the payments from the time they were made; added that to the sum of the payments, and subtracted that amount from the amount of the principal and interest first found. The balance was $1234.94. For this amount Baker, the defendant, gave his bond, which he afterwards paid. The plaintiff's action is brought to recover the difference between this and the true amount due.

The correct mode of calculation was stated to the jury by the judge at the trial. They were instructed to cast

the interest on the principal to the time of the first payment, and if the payment equalled, or was greater than the interest, to deduct the payment; if the payment did not equal the interest, it was not to be credited until, with the future payments, the interest was equalled or exceeded. *Meredith* v. *Banks*, 1 *Hulst.* 408.

The intention of the computants was to ascertain the correct balance by the true rule; they mistook it, and the result was erroneous. The court instructed the jury that if the amount was found by mistake incorrectly it would be corrected, and they might render a verdict for the balance not included in the bond. They found for the plaintiff $373.

The plaintiff now insists that the real mistake was $750, the defendant that it was $340.

The defendant insists that the verdict should be set aside for three reasons.

1. Because the mistake was of law, not of fact, and is such as cannot be corrected.

2. That the plaintiff's claim became merged in the bond.

3. That certain exceptions filed by the defendant in the Orphans Court were improperly admitted in evidence.

It is admitted that the plaintiff did not intend, at the time of settlement, to give up any part of the debt; nor did the defendant suppose he was not settling the whole amount due by him when he gave his bond for the assumed amount. Is there no relief in a case of this kind? The evidence shows that the mode of computation was a disputed question between the parties, and that the witnesses, Dr. Schenck and Mr. Lytle, were called on to settle that question; that both modes were considered by them, and the erroneous mode deliberately adopted with the knowledge and sanction of the parties. They were ignorant of the proper arithmetical rule by which to determine the amount due: the principal was known; the payments were known; there were no circumstances of fraud, surprise, or

imbecility of either of the parties to modify or in any way distinguish the case from that of a simple mistake.    What was the character of that mistake ?    Was it one of fact or of law, or of a mixed character, partly of law and partly of fact ?

The parties, at the time of the settlement, were ignorant of no pure fact involved in the settlement ; they knew the rule adopted to find the balance.    They did not know that rule to be erroneous ; and, as a consequence, the result reached by its application to be erroneous also.    The wrong mode was adopted ignorantly.    The proper mode of applying payments to the liquidation of a debt drawing interest has always been treated by the courts as a question of law, to be controlled by the court.    That it is the duty of juries to apply the rule laid down by the court to the facts of each case has never been doubted.    The court declares the rule, the jury apply it.    The mistake made by the parties in this case was in the mode of applying the payments—in the rule of calculation, not in the calculation itself—the application of the rule ; the latter would be a mistake of fact, the former of the law.

This was so held by the Supreme Court of New York in the case of *Boyer* v. *Pack,* 2 *Den.* 107, which was an action to recover back an overpayment.    In that case the parties did not know that an erroneous rule of calculation had been adopted.    The court held it an error in fact because they did not know that the rule had been adopted ; but said, that if they had, there could have been no relief, as it then would have been an error in law.    To the same effect are the following cases. *New York Firemans Insurance Co.* v. *Ely,* 2 *Cow.* 678 ; *Maine Bank* v. *Butts,* 9 *Mass.* 55 ; *Sussex Bank* v. *Baldwin,* 2 *Harr.* 487.

The mistake in this case was occasioned by sheer ignorance of an arbitrary rule adopted by the courts to prevent compounding interest.    No satisfactory reason can be assigned why the creditor should not have interest upon the interest expressly reserved, and payable by the term of his

contract after it becomes due, except that it compounds so rapidly as to become óppressive in fact. In all cases of breach of contract, except that of paying interest compensation to the creditor is the measure of damages; in this, the debtor is suffered to reap a benefit by his own breach of contract. If he delay the payment of $1000 interest money one year he is the gainer by $60, and the creditor a loser to that amount. The rule which prohibits a contract in advance, that unpaid interest shall be converted into principal, but recognises the validity of a contract, if made after it becomes due, to pay interest upon it, and the rule which permits a party to include the interest as principal in the instalment, and gives interest on the whole instalment as damages, are, like the one now under consideration arbitrary rules of law adopted from mixed considerations of law, policy, and convenience. I have made these remarks not for the purpose of impugning the wisdom of these rules, or disturbing their authority, but to show that the whole law upon the subject of compound interest does not rest upon the statute alone, but has its support upon other grounds. There is no such rule as, that compound interest under all circumstances is illegal, and cannot be taken. The law prescribes under what circumstances it may be taken, and in this case of the application of payments, now before the court, that it cannot be taken.

The defendant gave his bond for the amount reached by the adoption of the erroneous rule. The plaintiffs, with full knowledge of the rule adopted, accepted the bond as payment of the debt, and afterwards deliberately collected the money secured by it.

The defendant now admits that the whole debt was not included in the bond, but insists that the bond was taken in satisfaction of the debt, and that thereby the whole debt was merged in the bond, and extinguished by operation of law; that the extinguishment was complete, final, and, in a court of law at least, conclusive.

The doctrine of extinguishment, as applied to cases of this description, is that a security of a higher nature extinguishes those of an inferior degree for the same debt. A bond extinguishes a simple contract debt—a judgment extinguishes a debt due by simple contract or by deed. *Higgins' case,* 6 *Coke* 44, *b.*; 4 *Bac Ab.* 149, *Bouv. ed.*; *Bank of Columbia* v. *Patterson's admin.,* 7 *Cranch* 302; *Mills* v. *Starr,* 2 *Bailey*; *Butler* v. *Miller,* 1 *Den.* 407; *Andrews* v. *Smith,* 9 *Wend.* 53.

In *The United States* v. *Lyman,* 1 *Mason's C. C. Rep.* 482, Story, Justice, says: "I admit the doctrine, that in general a higher security, taken from the debtor himself, extin guishes the original contract; but this proceeds upon a presumption of law that it is taken in satisfaction of the original debt, for if it appear otherwise upon the face of the security it will not operate as an extinguishment." It is therefore, after all, a mere question of intent, and the law, in the absence of other evidence of the intent, con strues the higher security of the debtor himself as an extinguishment because it gives a higher remedy. This appears to be the true rule, although there is a little con flict of authority upon the question whether a higher security between the same parties for the same debt be not an extinguishment *per se.*

The higher security must be between the same parties and for the same debt. *Bell* v. *Banks,* 3 *M. & G.* 258, *notes to Cumber* v. *Wayne*; 1 *Smith's L. C.* 328.

Both plaintiff and defendant thought this bond to be for the whole amount due; it had been agreed upon by them as such. The transaction does not admit of being explained as a taking of collateral security; the bond was intended as a final settlement of the claim—it was to be the sole security for the whole debt. The defendant was absolutely concluded by the settlement. If by an erro neous calculation, or mode of calculation, the bond had been for $300 too much, he could not at law successfully have resisted a recovery of its whole amount. The bond

conclusively imported a good consideration for the whole amount mentioned in the condition. In *Rogers* v. *Colt*, 1 *Zab.* 18, Carpenter, Justice, says the solemnity of the instrument implies a consideration, and the defendant is estopped from averring a want of it; and in *Stryker* v. *Vanderbilt*, the Chief Justice of this court remarked that " where the contract is in itself legal, the *amount* or *value* of the consideration cannot be inquired into in a court of law." That such is the law does not admit of a doubt. If, then, the defendant was estopped by the bond from denying in a court of law the validity of the bond, or discharging it by payment of a less sum than that named in the condition, it was because the security was of a higher nature than the original claim, and had been by him voluntarily executed and delivered in satisfaction of the whole debt, and not as collateral security for it, or any part of it. The debt was entire—it was one item—it was the price of the land sold. There was no division, or intention to divide it. A recovery of part of it in an action at law would have barred the recovery of the residue; it could not be shown in a subsequent action that there had been a mistake in the calculation, that a part of it had thus been left out of the judgment. *Miller* v. *Covert*, 1 *Wend.* 487; *Guernsey* v. *Carver*, 8 *Wend.* 487. The principle of extinguishment applies as well to cases of judgment by mistake for part of a debt, as to that of a bond accepted by mistake for the whole debt—both extinguish the whole debt.

The estoppel of the bond, and the extinguishment of the entire debt by its acceptance as such, are correlative doctrines. Upon such a settlement, both creditor and debtor are concluded. The estoppel protects the creditor, the extinguishment the debtor. As to neither, can the settlement be disturbed in a court of law.

It is no answer to a plea of release that the parties supposed the debt had been paid, when it had not, and therefore executed the release. Mistake is no reason for dis-

puting the release; by it the parties are estopped—intention has passed into fact—it is *done;* it is settled—that is the import of seal. It is no answer to a plea of entinguishment that the parties never *would have intended* to extinguish the debt had they not been mistaken. They did so intend; the extinguishment took place upon the actual intent, though that was induced by mistake. A man commits a homicide to revenge a wrong supposed to exist; it turns out that no such wrong was ever committed—yet no one doubts that he had the intent to kill, nor that the murder was complete, though the existing cause of the intent was a mere mistake.

It seems exceedingly clear that both the parties to the bond actually intended to merge the whole debt. They knew no other debt than that the amount of which they fixed. Whether they would have so done had they understood what the true rule of calculation was, is not the question. But what did they intend? The defendant never delivered the bond understanding that the plaintiff might sue him upon the original claim, nor did he so agree.

If the parties had the intention to merge the debt in the bond, it was merged because the parties were the same —the debt the same; it was an undivided claim entire in its foundation, form, and whole character; it was but one item. The intent to merge a part, at least, cannot be doubted, and neither the debt nor the intent were ever divided. A release is a discharge of a debt by act of the party; an extinguishment is a discharge by operation of law.

The plaintiff's debt, although never in fact paid in full, was discharged by operation of law. The settlement made was at law absolutely conclusive upon both; neither could show mistake as to the other.

I regret to be compelled to this conclusion. I started upon this examination, not expecting to end here; my steps have been reluctant. The justice of the case is with

the plaintiffs ; their claim has never been paid, but the obstacles in the way of the action are insurmountable.

It seemed to me, on first view, that the action might be sustained upon the ground that the bond was a partial payment—was not in fact for the whole of the same debt; but, upon further reflection, I am entirely satisfied that whether the claim was or not entirely merged, was not a matter to be settled by calculation—by arithmetic—but by the intention of the parties. I cannot bring my mind to doubt that the parties fixed the amount of the debt, included that amount in the bond, and intended that to be the only security for the debt, the only claim by plaintiff upon defendant growing out of the transaction.

I have no means of ascertaining whether the verdict was for the correct amount, and have not examined that point.

The verdict must be set aside.

CITED *in Veghte* v. *Hoagland,* 5 *Dutch.* 133.