[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 394 
The only question presented by this case, of any moment, is, whether the defendant was bound by the new corner and line between the two farms agreed upon by the parties, if there was a mistake in the measurement upon which such agreement was founded, and he was at the time in ignorance of such mistake of fact. The jury by their verdict have found that there was a mistake in the measurement, and that the defendant was ignorant of it when the agreement was made. The mistake seems to have originated in a miscount by the chain-bearer, of one chain, in the measurement on the first survey. There can be no doubt that an agreement establishing a corner or a boundary line made under such circumstances, is not binding upon the party injured by the mistake, if he disavows the agreement upon the discovery of the mistake. He may then insist upon the true line, notwithstanding the former agreement. There is no difference, in this respect, between agreements establishing boundary lines and agreements upon other subjects. The cases cited by the appellant's counsel, *Page 395 
to prove that boundary lines may be established or changed by agreement between adjacent owners when acted upon and possession taken in pursuance of the agreement, have no application whatever to the present case. Not one of them touches the question upon which this case depends. There is no pretence that there has been any acquiescence by the defendant in the agreement, since the discovery of the mistake in the first survey. It was discovered within a few days after the agreement, and before anything of any consequence had been done in carrying it out, and the defendant acted upon it immediately. The case of Wheadon v. Olds (20 Wend. 174), shows to what lengths courts will go in disregard of contracts founded in a mistake of material facts, and in the protection of rights prejudiced thereby. That was a sale of a quantity of oats in bulk, upon an estimate of the quantity, after a portion had been measured. The estimate of the quantity unmeasured was made by a comparison of the measured with the unmeasured pile, and the purchaser agreed to take them at the estimate, "hit or miss," or "at his own risk" as to quantity, and paid for them at the estimated quantity. The oats did not hold out within about 300 bushels of the quantity estimated and paid for. It was afterwards discovered that a mistake had been made in regard to the quantity measured, which formed the basis of the estimate, in counting the tallies as bushels, instead of half bushels as they were in fact. Upon these facts the plaintiff was allowed to recover back the money paid for the entire quantity which he did not receive.
The evidence to show the mistake in the first survey and measurement was properly received.
The charge to the jury was also right in all respects, and the exceptions are of no avail. The judgment, should, therefore, be affirmed.