JACOB GEORGE, Respondent, v. PETER TALLMAN, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1871.)

Plaintiff contracted to purchase from defendant a parcel of land, at a cer-
tain price per acre, subject to measurement, and to pay for the same in
certain installments, defendant agreeing to convey to him after such
payments. In pursuance of the contract, the land was surveyed
by a land surveyor, who reported the number of acres, and plain-
tiff paid accordingly, both parties supposing the number of acres to be
that reported by the surveyor. Plaintiff entered into and took possession
of the land pursuant to the contract, but without having received a con-
veyance thereof, and sold the same to a third party. After this sale a
resurvey was made, and the number of acres ascertained to be less than
that supposed at the time the payments were made; also, that the descrip-
tion differed from that given on the former survey.—*Held*, in an action
brought for that purpose, that the plaintiff could recover, on the ground
of a mutual mistake of fact by the parties, the amount which he had
overpaid the defendant, and was entitled to a deed containing a descrip-
tion of the land according to its true boundaries, and stating the actual
number of acres.

APPEAL from a judgment entered upon the report of a
referee. The action was brought to recover the amount of an
overpayment upon contract for sale of real estate, and for a
deed in accordance with the true description and contents of
property described in the contract.

The following facts were proved upon the trial and found
by the referee:

That prior to the commencement of the action, the defend-
ant, being the owner of a parcel of land situated in Mt. Mor-
ris, Livingston county, the quantity and particular description
of which were unknown to him, contracted to sell the same
to the plaintiff, in and by a written contract, dated the 14th
September, 1867, for the sum of forty dollars per acre, sub-
ject to measurement, and, after the payment for said
land at the price aforesaid, by the plaintiff, to convey the
same by a good and sufficient deed, with covenants of war-
ranty, to the plaintiff, and to deliver the entire possession
thereof to the plaintiff by April 1st, 1868; that in and by

George v. Tallman.

said contract the plaintiff agreed to purchase said land, and pay therefor the sum of forty dollars per acre, subject to measurement, as follows: $300 November 1, 1867, $500 July 1, 1868, and the balance January 1, 1869, with interest on all sums unpaid. That, in pursuance of said contract, the defendant caused said land to be surveyed by a professional land surveyor about October first; a survey bill or description of the land, according to his survey, was soon after delivered to the defendant and to the plaintiff, by which survey the quantity of land contracted to be conveyed by said contract appeared to be forty-one and twenty-seven one-hundredths acres of land.

That relying on the accuracy of said survey, and in ignorance of any mistake or error therein, the plaintiff made the last payment due upon the contract on or about January 1, 1869, at which time the entire balance of the purchase money of said land, then remaining unpaid at the rate of forty dollars per acre, and reckoned at forty-one and twenty-seven one-hundredths acres, was paid by plaintiff to the agent of defendant.

That, prior to said payment, and in anticipation thereof, and on or about December 13, 1868, defendant executed a full covenant warranty deed of said land to plaintiff, dated that day, regular in form and properly executed, and containing a description of said land, according to said survey, and stating the number of acres at forty-one and twenty-seven one-hundredths *more or less;* the deed reciting the gross consideration at $1,650.86, which deed was placed in the hands of defendant's agent, to be delivered to plaintiff on payment by him of the last installment of the above amount, the same being computed at forty dollars per acre for forty-one and twenty-seven one-hundredths acres, this being supposed by defendant to be the contents of the land described in the deed and contract.

On payment by the plaintiff of the last installment of the purchase-money of said land, mentioned in the said deed, said agent tendered said deed to plaintiff, but plaintiff refused to accept the same, on the ground that it did not comply with

the contract, and plaintiff never accepted such deed, which remained, thereafter, ready for delivery.

Afterward, about April 24, 1869, the plaintiff, being in possession of said premises, under said contract, conveyed them by warranty deed to John W. Rau, the deed containing the description of the land according to said survey, and conveying the land as containing forty-one and twenty-seven one-hundredths acres, more or less. This deed was delivered to said Rau, who entered into possession thereof.

Afterward, about October 15, said land was surveyed by another professional land surveyor, at the request of the plaintiff and said Rau, and a different description given by him of the land, from that contained in the former survey bill, and the land stated by him to contain thirty-one and ninety-seven one-hundredths acres only.

After said survey, and on November 5th, 1869, the plaintiff and his wife executed and delivered to said Rau another deed of said land, dated April 24, 1869, and containing a description of the land intended to be conveyed, according to last mentioned survey, and intended to be an amended or substituted deed for the former deed, which had not been recorded.

After said survey, and on November 5, 1860, the plaintiff caused a full covenant deed to be drawn, in form of a conveyance of said land by defendant to plaintiff, containing a description of said land according to the last mentioned survey, and reciting the consideration at $1,278.80, and that the land contained thirty-one and ninety-seven one-hundredths acres, and being without the qualification "more or less," and caused the same to be tendered to defendant, with a demand that he execute the same. That defendant refused to execute said deed, and has refused to execute any other deed of said land, except the one originally tendered to plaintiff.

That the first mentioned survey of said land was erroneous and imperfect, and made the quantity of land surveyed, being the land described in said contract, greater than the

George v. Tallman.

actual amount by nine and thirty-one one-hundredths acres of land.

That the description contained in the deed executed by defendant for delivery, was imperfect and erroneous in the same particular in which the original survey was erroneous, and not in accordance with the contract, in that the said lands were conveyed with the qualifying words "more or less."

That said deed, tendered to defendant to be executed, contained a correct description of the land contracted to be conveyed, and was proper in form, and correctly recited the consideration which should have been paid for the premises described.

That the overpayment in consequence of the original error amounted to $372, which defendant had refused to pay to plaintiff, although requested so to do.

The referee found, as conclusions of law, 1st, That the plaintiff was entitled to judgment for a deed with covenant of warranty from the defendant, describing the lands contracted to be conveyed by the said land contract according to the last mentioned survey, without any qualification by the words "more or less," or words of like import, and requiring defendant to execute such deed on demand. 2d. That there was due from defendant to plaintiff said sum of $372, and interest from January 1st, 1869, amounting to $417$\frac{33}{100}$, for which amount defendant was entitled to judgment, and for costs of the action, and directed judgment accordingly.

To the conclusions and findings of the referee, proper exceptions were taken.

*George F. Danforth*, for the appellant.

*Bingham & Stevens*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J.   Upon the facts found by the referee, which seem to be abundantly supported by the evi-

George *v.* Tallman.

dence, this is a plain case of money paid by the plaintiff under a mistake in regard to a material fact.

In every such case, the law gives the party so paying a remedy by action, to recover back the money, as money had and received by the defendant to and for the use of the plaintiff. As the party who thus receives money cannot in equity and good. conscience retain it, the law presumes a promise on his part to pay it over to the party justly entitled to it, and establishes a privity between them as matter of law. The principle is elementary. (*The Bank of Commerce* v. *The Union Bank*, 3 N. Y., 230 ; *Boyer* v. *Pack*, 2 Denio, 107 ; *Burr* v. *Veeder*, 3 Wend., 412 ; *Wheadon* v *Olds*, 20 Wend., 174, 176 ; *Mowatt* v. *Wright*, 1 id., 360 ; *Canal Bank* v. *Bank of Albany*, 1 Hill., 287.)

What the defendant was legally entitled to receive, under his contract with the plaintiff, was the sum of forty dollars per acre for each and every acre contained in the lots mentioned and described in the contract, the number of acres to be ascertained by an accurate survey and measurement of the lots thus described. The surveyor. selected by the parties to survey, measure and ascertain the number of acres, made a mistake, either in his measurement or computation afterward, and reported to the parties that the lots contained nine and thirty-one one-hundredths acres more than were actually contained therein.

The plaintiff and defendant, both supposing and believing the survey and statement of the surveyor so chosen to be correct, acted upon it, and the plaintiff paid and the defendant received the sum of forty dollars per acre for the entire quantity thus ascertained and reported by such surveyor. Both acted in good faith at the time, and were equally ignorant of the mistake made by their surveyor. The mistake was discovered afterward, and the over-payment then became money due from the defendant to the plaintiff, by operation of law, and the relation of debtor and creditor was established. The mistake was made by the surveyor ; but he misled the parties. They acted under the supposition and belief that he had made

no mistake. His mistake thus became their mistake. In this respect the case is quite analogous to that of *Boyer* v. *Pack* (*supra*), where a third person had been employed to cast interest upon an obligation due, and payment had been made according to his computation, upon the supposition and belief that the computation had been made upon correct principles. It is of no sort of consequence that the plaintiff had taken possession of the premises, and sold and conveyed the same before the error or mistake of the first surveyor had been discovered. The question is, how much was actually and legally due to the defendant on the contract when the final payment was made, and was the overplus paid by the plaintiff in ignorance and under a mistake as to the true quantity and number of acres of land?

The plaintiff, having fulfilled his contract by paying the whole purchase-price, is entitled to a deed describing the land purchased correctly, either by metes and bounds or other description, so that the precise piece or parcel of land mentioned and described in the contract can be readily traced out, identified and ascertained from the deed. It should also contain the true purchase-price and consideration; though this is not absolutely necessary.

The judgment is in all respects right, and must be affirmed, with costs.

Judgment affirmed.