## GRAVES v. BRINKERHOFF.

*Mistake—moneys paid under mutual mistake of fact may be recovered back.*

Plaintiffs purchased land of defendant at a fixed price per acre. By a mistake of the surveyor the land was computed to be several acres more than it really was, for which excess plaintiffs paid, both parties believing the survey to be correct. *Held*, (1) that plaintiffs were entitled to a return of the excess paid ; (2) that it was not necessary, in order to do justice, to rescind the contract; and (3) that a subsequent sale by defendant of other lands to another party, at a price less than he would have obtained, if the mistake had not been made, did not affect the plaintiffs' right to recover.

SUBMISSION without action of a controversy between Samuel S. Graves and others, plaintiffs, and David A. Brinkerhoff, defendant. The facts were these: Prior to March, 1867, an oral agreement was made between the parties for the purchase by plaintiffs of a part of a tract of lands belonging to defendant. The price agreed to be paid was $115 per acre. As the amount of land was not known, it was agreed that it should be surveyed by Prof. John Towler, of Hobart College. The person designated made the survey and computed the amount of land to be forty-one and eighty-four one-hundredths acres, and a written contract was made in pursuance of the oral one, in which the quantity of land and metes and bounds, as found by the surveyor, were set forth. A deed was subsequently made, conveying the amount of land named in the contract, less one and three-hundredths acres (a deduction made in consequence of defendant's land not extending so far in a certain direction as was at first supposed). The plaintiffs paid for the land conveyed $115 per acre. All parties at the time believed the survey and computation to be correct, and defendant subsequently sold the balance of the tract, in bulk, to other parties upon the belief that the computation was correct. Upon the making of another survey by another surveyor a mistake of three and thirty-eight-hundredths acres was discovered in the computation of Prof. Towler, and that plaintiffs obtained only thirty-seven and forty one-hundredths acres. The question submitted was whether plaintiffs were entitled to a repayment of $391, the difference between the amount actually paid and the amount that would have been paid if the first computation had been correct.

*Geo. B. Dusinberre,* for plaintiffs.

*D. B. Backenstose,* for defendant.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

GILBERT, J. As a general rule where a person, by mistake of fact, pays money to another, which he does not owe him, the law implies a promise to repay it. *Wheadon* v. *Olds,* 20 Wend. 174. Whether in a case like this, where the mistake occurred in paying the purchase-money of lands, and the purchase has been consummated by a conveyance, the remedy can be pursued in an action at law or must be sought in a court of equity, it is not material to inquire. For upon a submission of a controversy, pursuant to section 372 of the Code, the court is bound to give such judgment as the facts require, whether the relief be legal or equitable.

The facts in this case clearly entitle the plaintiffs to a return of the sum claimed. It is a case of a plain mistake, and one which must be deemed material. 1 Story's Eq. Juris., §§ 140, 141; Adams' Eq. 188 ; *Marvin* v. *Bennett,* 26 Wend. 169. We think it is not an obstacle to the relief sought, that the parties cannot be put in the position they were in before the sale was made ; in other words, that it is not necessary, in order to do justice to the defendant, that the plaintiffs should reconvey the land, and that the contract of sale should be rescinded. The defendant sold the land for a fixed price per acre agreed upon, and the plaintiffs are entitled to both the land and the amount which they overpaid by mistake. This is the only way in which the mistake can be corrected. To annul the sale would not do that, but would deprive the plaintiffs of a fair bargain without any fault on their part. Such a decree would not be in accordance with the rule in equity on this subject. That rule merely requires that the parties shall be placed in the same situation they would have been in if the mistake had not happened. Upon that principle the plaintiffs are entitled to the land, but the defendant is entitled only to a sum less than that which he received, which is ascertained by deducting therefrom the amount claimed by the plaintiffs.

Nor does the subsequent sale of the residue of the defendant's land to other parties affect the equitable rights of the plaintiffs.

They were strangers to that transaction, and if the mistake, which they now seek to have corrected, caused the defendant to make that sale at a price less than he would otherwise have obtained, the surveyor who caused the mistake, and not the plaintiffs, is responsible.

These are the only questions presented. The plaintiffs are, therefore, entitled to recover the sum of $391, with interest from March 1, 1869, with costs.

*Ordered accordingly.*