## BURR *vs.* VEEDER.

Money errone-
ously paid by
one party to
another in mu-
tual ignorance
of facts which,
if known,
would have
prevented the
payment, may
be recovered
back in an ac-
tion of assump-
sit.
So money paid
by the holder
of a mortgage
to redeem the
mortgaged
premises from
a sale for tax-
es, is a charge
upon the land,
and may be de-
manded upon
foreclosure of
he mortgage.

THIS was an action of assumpsit, tried at the Schenectady circuit in January, 1828, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

On the 25th May, 1820, the defendant, for the considera-tion of $1231,50, being the assignee of a bond and mortgage executed by one Lampman to one Van Arnum, assigned the same to the plaintiff.   The bond and mortgage bore date 1st March, 1810, and were given to secure the payment of $2000.   At the time of the transfer to the plaintiff, a calcula-tion was made, and the sum of $1231,50, was ascertained as the amount due on the bond and mortgage, which was paid by the plaintiff to the defendant ; the parties intending to as-certain, and believing they had ascertained, the true amount due.   Subsequently it was discovered that the sum of $37 had been paid to Van Arnum on 16th August, 1810, on ac-count of the bond and mortgage, which, on a foreclosure of the mortgage by the plaintiff, was deducted from the amount

due on the same ; and he now claimed to recover that sum
of the defendant. The defendant was ignorant of this pay-
ment having been made when the bond and mortgage were
assigned to him, and continued so at the time of the assign-
ment to the plaintiff, who also then was ignorant of the fact.
Van Arnum is insolvent.

*ALBANY,
October, 1829.*

*Burr
v.
Veeder.*

Whilst the defendant held the assignment he paid to the
state officers $62,72 to redeem a portion of the mortgaged
premises wnich he had sold for taxes. This payment was
made on 17th June, 1817. On the day subsequent to the as-
signment, the plaintiff entered into an agreement in writing
with the defendant to pay the amount of the taxes so paid by
the defendant, if they, or any part of them, could be collect-
ed under the mortgage assigned to him. The mortgage was
foreclosed in chancery by the plaintiff, and he became a pur-
chaser of part of one of three lots included in the mortgage,
at a fair price and value, (as stated in the case.) Whether the
mortgaged premises on the sale produced the whole amount
of the mortgage monies, or more, or less, does not appear. A
verdict was taken for the plaintiff for the $37, with interest,
subject to the opinion of this court, on a case made.

*M. T. Reynolds,* for plaintiff. The plaintiff is entitled to
recover back the excess paid beyond the real amount due on
the bond and mortgage, it being paid under a mutual misap-
prehension of facts. (1 T. R. 285. 18 Johns. R. 485. 19
id. 73. 2 Day, 437. 3 Maule & Sel. 344. 1 Wendell, 355.)

*A. C. Paige,* for defendant. Whether or not the plaintiff
is entitled to recover the excess paid by him, the defendant
has a right to claim as a set-off the money paid by him to re-
deem the land. Such payment was a charge upon the land,
and could be demanded by the holder of the mortgage. The
presumption is, it has been collected. The plaintiff having
engaged to pay if it could be collected under the mortgage,
the defendant has a right to ask that'it be now allowed to him
under his notice of set-off. This demand was not objected to
on the trial.

*Reynolds*, in reply. A demand arising under a special agreement, like that set up by the defendant, cannot be given in evidence under a *general* notice of set-off, which only was given in this cause; and this being a case subject to the opinion of the court, the objection may now be taken.

*By the Court*, MARCY, J. It was clearly the intention of the parties that the mortgage should be transferred for the balance actually due at the time of the transfer; previous to which time there had been a payment of $37 not taken into the account in ascertaining the balance, nor known to either party. The amount of this payment, with the interest, ought to be allowed to the plaintiff.

But the defendant claims an off-set of taxes charged upon the mortgaged premises, and paid by him to redeem them; and the plaintiff agreed to pay these taxes if they, or any part of them, could be collected under the mortgage. It is clear that the amount paid for these taxes is as much a charge on the premises as the money specified in the mortgage, (1 Hopk. Ch. R. 283;) and it is not shewn that the plaintiff did not or could not collect them. He should have caused this disbursement to be included in the master's report of the sum due on the mortgage. By law he had a right to collect it, and if by the facts he was prevented from doing so, he should have shewn it. I am therefore of opinion that the defendant ought to have judgment for the balance paid for the taxes, and interest thereon, after deducting the $37 and the interest of it.

There was something said on the argument of the insufficiency of the notice to admit of the set-off claimed by the defendant. I have not taken that objection into consideration, because the notice was not included in, nor did it accompany the case.

Judgment for the defendant for the balance.