Oldham, J. This was an action brought by Day, Williams & Co. against Lafferty before a justice of the peace upon an account for one hundred dollars paid to him for five hundred bushels of com which he had failed to deliver. Upon a trial before the justice judgment was rendered in favor of the plaintiffs for one hundred dollars and costs. Lafferty appealed to the circuit court where the cause was again tried, and a judgment again rendered for the plaintiffs for one hundred dollars. Upon the trial the following evidence was submitted to the jury, that on the 24th day of December, A. D. 1840, Lafferty represented to Day, Williams & Co. that he had twelve hundred bushels of corn in cribs on the bank of White river on his farm, and offered the same to them for twenty cents per bushel, which they accepted, and in part payment for the corn, they paid him one hundred and ten dollars and fifty-cents, and for the residue, one hundred and twenty-nine dollars and fifty-cents, they executed their bond dated on the day of the contract, and due by the first of April thereafter payable in current bank notes. Some time in the month of March 1841, the plaintiffs and Lafferty’s agent measured the corn out of the cribs, where the corn was to be received, when it appeared that there was but six hundred and twenty-four bushels and two quarts, which they received. Before the commencement of this suit Lafferty sued Day, Williams & Co. upon their covenant in the circuit court and obtained judgment thereon, which they paid. The defendants then, for the purpose of showing that the subject matter of this suit had been adjudicated by a court of competent jurisdiction in a previous suit between the same parties, produced and offered in evidence the record in the action brought by him against the plaintiffs upon their covenant aforesaid, by which it appeared that they in their defence to that action, had filed pleas setting forth the purchase of the 1200 bushels of corn, and their failure to receive the whole amount as already stated by the evidence and therefore alleged a failure of consideration. But these pleas were stricken out of the case by the court and not allowed to be interposed as a defence. The evidence being closed Lafferty then moved the court to give the jury the following instructions: First, That if the jury find from the evidence that the subject matter now in controversy was litigated in another suit between the same parties, that they must find for the defendants. Second, That if the jury find from the evidence that the contract between the defendant and the plaintiffs was one entire contract, that this action will not lie and they must find for the defendant. Third, That if the jury find from the evidence that the plaintiffs received any part of the 1200 bushels of corn, that they the said plaintiffs affirmed the contract, and that they cannot recover in this action for the residue of the corn not delivered, because if the corn did not hold out to the amount of 1200 bushels they should have' brought an action on the case, or on the warranty, if there was one. Fourth, That the plaintiffs in this action, in order to recover for money paid the defendant by the plaintiffs as the consideration for said corn, as soon as they discovered that the corn would not hold out to the amount of 1200 bushels, they should have returned what corn they had received and rescinded the contract. If they did not do this and kept the corn which they received, they affirmed the contract, and could only sue upon the breach of that contract. Fifth, That if the jury find from the evidence that the defendant represented to the plaintiffs that he had 1200 bushels of corn in cribs, and that the plaintiffs purchased and took the amount of corn in the cribs for 1200 bushels upon the representations of said defendant and paid him therefor, and that the corn in the cribs when measured turned out to be less than 1200 bushels, that they cannot now sue for a part of the money so paid, but must sue in an action upon the case. Sixth, That if the jury find from the evidence that Laiferty sold the plaintiffs 1200 bushels of corn at 20 cents per bushel and that only 624 bushels were delivered, leaving a balance of 576 bushels not delivered, that the plaintiffs cannot sue the defendant for 567 bushels, as the justice of the peace could •not take jurisdiction of the amount of 576 bushels at 20 cents per bushelit being over one hundred dollars, and that the plaintiffs could not divide the amount not delivered so as to give the justice of the peace jurisdiction, and therefore they must find for the defendant. Seventh, If the contract proven varies from that laid in the bill of particulars in this case they must find for the defendant. The court gave the first and fifth instructions and refused to give the others; to which the defendant excepted. The plaintiffs then moved the court to instruct the jury “ that if they should find from the evidence that the plaintiffs purchased of the said defendant and paid him therefor, any quantity of corn, and which com was not delivered or paid to the said plaintiffs according to the contract of the parties, they will find for the plaintiffs the value of the corn not delivered for as much as five hundred bushels and not more;” which the court gave and the defendant excepted and has prosecuted his writ of error to this court. The instructions given as well as that refused, to which exceptions were taken, properly present but three points for the consideration of this court. 1st, The evidence having established a liability of the defendant to the amount of one hundred and fifteen dollars, had the justice of the peace jurisdiction ? 2d, Whether the plaintiffs can waive their right of action upon the contract and sue for money paid and recover pro tanto for the amount of corn not delivered? And third, whether the plaintiffs are confined in their proof to the bill of particulars in the amount. 1, Although the evidence clearly establishes the liability of the defendant for one hundred and fifteen dollars, yet the jurisdiction is not determined by the evidence but by the demand, i. e. by the sum in controversy. He may have been entitled to a credit for a sum sufficient to reduce the amount for which he was originally liable below one hundred dollars; and the plaintiffs, by suing him for that amount, admitted they were entitled to recover no more. It is not for him to say that the plaintiffs’ demand is too small and that he is not sued for enough. Such objections are not consonant to the principles of justice and deserve no toleration. It would be a very strange proceeding, that the plaintiffs, in an action for money paid, should be defeated because they had not sued for enough. The amount claimed by the plaintiffs is the sum in controversy and determines the jurisdiction. This question has been settled by this court in reference to the jurisdiction of the circuit court in Heilman vs. Martin, 2 Ark. R. 158, and Dillard vs. Noland, ib. 449. A similar question to the one under consideration was presented and decided in Hempstead vs. Collins, 1 Eng. R. 533, in which it was held that in asuit upon an account for $26‘0 79 with credits amounting to $196 85, the sum in controversy was the amount claimed after deducting the credits and not the original amount. In this case there is no controversy except for the sum of one hundred dollars; the plaintiffs claim nothing beyond that, and it is no more a valid objection to the jurisdiction, that the evidence establishes a liability beyond a hundred dollars, than it is in the circuit court where it fails to establish it for a sum over that amount. This question determines the sixth instruction asked by the defendant below. 2, Upon the second question presented it is insisted by the plaintiff in error, that inasmuch as there was an entire contract, the plaintiffs below should upon the discoveiy of a deficiency of corn, have refused to receive any part of it, to entitle them to recover the money paid, and having received a part, can only sue upon the contract. It is a general principle of law that if one person pays money to another under a mistake of fact without any legal obligation to do so and without the means of ascertaining the truth; or if he be induced to pay it under false representations he may recover back the money thus paid in an action of assumpsit. Potter et al. vs. Everett et al. 2 Hall’s Rep. 252. Burr vs. Veeder, 3 Wend. Rep. 412. The excess in this case was most dearly paid by the plaintiffs below, by a mistake as to the facts induced by the false representations of Lañerty. He told them that he had twelve hundred bushels of corn in cribs on White river which they were induced to buy and pay for. They had no means of ascertaining the amount until it should be measured, and therefore, in making the contract, relied upon and were misled by his representations, and consequently upon the principle above stated they had the right to refuse to receive any portion of the corn and bring their action of assump-sit for the amount paid. But having received all that was there, can they adopt the action for money paid to recover the excess ? No objection whatever can be urged to it except one purely technical in its character, unmeaning in its adoption, and in its application to this case productive of absolute injustice. A question precisely similar was presented and decided in the case of Wheadon vs. Olds, 20 Wend. 174, where it was held that upon a contract for the sale and delivery of oats the parties upon a mistaken state of facts, estimated the quantity at a certain number of bushels, for which the stipulated price was paid, the purchaser was entitled to recover back the money paid for the difference between the estimated and real quantity; and that notwithstanding he had agreed to take the oats at the estimated quantity hit or miss. That case was much stronger than the present, inasmuch as there was no agreement to take the corn in the cribs at the estimated quantity. The plaintiffs below relied upon the statements of the defendant as to the amount, about which he may have been honestly mistaken. But be the fact as it may, we have no doubt but that they are entitled to recover the excess by action of assumpsit for money paid; and that therefore the court properly refused the second, third and fourth instructions; and that asked by the plaintiffs was properly given. 3, The third question scarcely merits consideration. In actions of assumpsit the plaintiff is not required to prove the precise sum claimed by the common counts, but is entitled to recover whatever sum within the amount of damages laid in the declaration, the evidence establishes to be due notwithstanding the counts may claim a much larger amount; and so in actions upon accounts before justices of the peace the plaintiff may recover whatever amount appears to be due, although it may not be for as much as the amount claimed. It is insisted by the plaintiff in error that the judgment of the circuit court is erroneous because, as they insist, the same subject matter had been litigated between the same parties in a different suit. This is a question depending upon the evidence and was passed upon by the jury. No motion for a new trial having been made and overruled, the question is not legitimately before this court, as decided in the case of Carr vs. Crain et al. at the present term. The judgment must be affirmed.