Sutherland, J.
There is no doubt that, as to the mortgagors and their grantees, or the grantees of Mrs. Ryan, the statutory foreclosure was utterly void, and did not and could not affect their title or estate, or operate so as to convey a legal title to the premises to the plaintiff. (Bloom v. Burdick, 1 Hill, 130; Van Slyke v. Shelden, 9 Barb., 278.)
The act of 1844, amending the provisions of the Revised Statutes as to foreclosing mortgages by advertisement, requires a copy of the published notice of foreclosure to be served on the mortgagor, either personally or by leaving the same at the dwelling house of the mortgagor, or by mail directed to the place of residence of the mortgagor. Mrs. Ryan, the mortgagor, was not served with notice in either manner. The notice was attempted to be served by mail, but it was directed to her at Berne, Albany county, when, at the time, she resided in the city of New York.
The plaintiff, by bringing this action to foreclose the mortgage, concedes that the attempted foreclosure by Hornblower *325 was void as to the mortgagors and their grantees, and that he did not get an absolute title to the premises by his purchase under the same, but he insists that those proceedings, and his purchase under the same, operated as an assignment of the mortgage to him by Hornblower, and that he thereby got all the rights and interest of Hornblower as assignee of the mortgage.
In Jackson v. Bowen (7 Cow., 13), it was held that a conveyance by a mortgagee as upon a statute foreclosure, if the proceedings to foreclose were irregular, operated as a good assignment of the mortgage, and the purchaser might claim as assignee of the mortgage. This case would appear to be controlling on this question. Besides, the mortgage has been delivered by Hornblower to the plaintiff. The plaintiff produced it on the trial.
Hornblower is not a party to this action, but it is presumed that he could not set up the irregularity of his own statutory foreclosure proceeding as against the plaintiff; and if so, why should not Nichols, the present owner of the premises, pay the mortgage to the plaintiff as assignee ? It would have been safe for him to have done so:
I think, then, assuming that the answer puts in issue the plaintiff’s right and title to the mortgage as assignee of Hornblower, that the foreclosure proceeding, and the plaintiff’s purchase under it, could and did operate as an assignment of the mortgage to the plaintiff.
But, upon the whole answer, it is difficult to say that the defendants intended to put in issue the plaintiff’s right or title to the mortgage. They first, by a general denial, deny every allegation in the complaint, “ except as hereinafter admitted by the said defendants.” They afterwards aver the tender to the plaintiff, and deny hi§ right to. “ tack the rents alleged to have been paid by him, upon his aforesaid mortgage.”
The next question is, whether the plaintiff, as assignee of the mortgage, could or did enlarge his mortgage to the amount of $260, by paying the rent to Van Bensselaer; whether he could tack $260 of the amount paid Van Bensselaer on or to Ms mortgage.
*326 Most clearly he could not, as against a bona fide grantee of Mrs. Ryan, without notice of her agreement or stipulation to pay $260 of the rent due Van Rensselaer. As against such a grantee, Livingston and Wyman, the mortgagees, would not only have been estopped from thus enlarging the mortgage, by their covenant in the deed to Mrs. Ryan—for it would be presumed that such grantee bought with notice of,such covenant, even independent of the registry acts and of the fact that the deed was recorded—'but such an enlargement by them as against a subsequent bona fide grantee without notice would have been against the policy of the registry acts, and would not have been permitted without reference to the covenant in their deed. (St. Andrew's Church v. Tompkins, 7 John. Ch., 13; Frost v. Beekman, 1 John. Ch., 288.) It is very clear, then, that the plaintiff could not tack to his mortgage the $260, as against Nichols, the present owner of the premises, if Nichols were a bona fide grantee without notice of Mrs. Ryan’s agreement or stipulation to pay $260 of the rent; for the plaintiff can have no better or other right to do so than the mortgagees would have had, had they paid the rent as mortgagees.
But Nichols is not a bona fide grantee without notice. Livingston testified that he was present when the deed was delivered, and Mrs. Ryan agreed to pay $260 of the rent; that he was acting as the attorney of Mrs. Ryan in the transaction of the business. He then took his conveyance with full knowledge of Mrs. Ryan’s agreement to pay $260 of the rent; and if so, the mortgagees could have enlarged the mortgage by paying the $260 as against him, if they could have done so against Mrs. Ryan or the mortgagors; and it is very clear that the plaintiff, as assignee of the mortgage, could enlarge the mortgage as against Nichols, if the mortgagees could have done so.
The question then is, whether the mortgagees could have enlarged the mortgage, as against Mrs. Ryan or the mortgagors, by paying the rent to Van Rensselaer. Mrs. Ryan’s stipulation was, that she would pay $260 of the rent to Van Rensselaer. Her agreement was not to pay the $260 to the mortgagees. This is the fair inference from Livingston’s testi *327 mony. • If the agreement had been to pay the $260 to the mortgagees, I should much doubt whether they could have enlarged the mortgage even as against Mrs. Ryan, by paying the rent to Van Rensselaer, because, under all the circumstances, perhaps, the inference would have been that "the parties intended that the mortgagees should rely upon her.personal security or undertaking for the payment of the money, and, if the parties so intended, to have permitted the mortgagees thus to enlarge their mortgage, would have been doing violence to the understanding or agreement between the parties. But as the agreement of Mrs. Ryan was to pay $260 of the rent to Van Rensselaer,- and as the rent, considering the reentry clause in the lease, must be deemed to have been a prior lien or incumbrance on the farm, I do not see why the .mortgagees could not have enlarged their mortgage by paying the rent to Van Rensselaer.
I think the principle upon which they would have had this right is illustrated and has been enforced in the cases cited by the plaintiff’s counsel, holding that taxes, &c., necessarily paid by the mortgagee to preserve his security, may be added to his mortgage. (Silver Lake Bank v. North, 4 John. Ch., 370; Faure v. Winans, 1 Hopk. Ch., 283; Burr v. Veeder, 3 Wend., 412; Rapelye v. Prince, 4 Hill, 119.)
If the mortgagees had paid the rent to "Van Rensselaer, it' would have been considered, I think, as having been necessarily paid, because it would appear from the reentry clause in the lease, that "Van Rensselaer could at any time have reentered for the non-payment of the rent, and thus have destroyed their mortgage security. The mortgage in the plaintiff’s hands as assignee was subject to the same peril: the rent was demanded of him, and probably notice of reentry served upon him. If the plaintiff could add $260 of the amount of rent paid by him to his mortgage, it must be deemed to have been added to the principal, and to have been forthwith, due and payable.
If the foregoing views are correct, it is not necessary to examine the question of jurisdiction, or as to the effect of the *328 tender, or any other question attempted to be raised' by the appellants. Indeed, if the foregoing views are correct, there is no question of jurisdiction, or as to the force and effect of the tender.
I think the judgment of the Supreme Court should be affirmed, with costs.
All the judges concurring,
Judgment affirmed.