REUBEN P. CALKINS AND ISAAC CALKINS, APPELLANTS, *v.*
FISHER W. ·GRISWOLD, RESPONDENT.

*Mutual mistake of fact — Accord and satisfaction — when it may be corrected.*

The defendant, in pursuance of a contract made with the plaintiff, sold and
delivered to him 55,959 pounds of grapes at one and a-half cents per pound.
The plaintiff having paid a portion of the purchase-price, an accounting was
subsequently had, at which neither party knowing accurately the weight of the
grapes, or the crates in which they were delivered, and having no memoranda
from which such weight could be computed, it was agreed to call the weight
of the grapes 65,000 and that of the crates in which they were delivered 600
pounds. The plaintiff having paid the amount appearing to be due by these
figures, subsequently brought this action to recover the price of the grapes
erroneously admitted to have been delivered. *Held,*

That as there was a mutual mistake of fact as to the weight of the grapes deliv-
ered, the plaintiff was entitled to recover back the money paid in consequence
· thereof.

That his right so to do was not affected by the fact, that the accounting amounted
in law to an accord and satisfaction.

APPEAL from a judgment in favor of the defendant, entered on
the report of a referee.

The action was brought to recover money had and received by
the defendant, which was alleged to belong to the plaintiffs, and
also for money alleged to have been paid by the plaintiffs to the
defendant by mistake. The defense set up was an accord and satis-
faction. The amount claimed by the plaintiffs was over $160. The
referee reported in their favor for thirty-four dollars and twenty-two
cents only (being twenty seven and one-half dollars, with interest),
and the defendant entered judgment for his costs, less that sum.
The facts found by the referee were, substantially : That, in 1871,
plaintiffs purchased of defendant his crop of grapes at one and
one-half cents per pound. The whole quantity delivered was
55,959 pounds, amounting to the sum of $839.38, and plaintiffs
owed defendant ten dollars for work, making in all $849.38. Prior
to March, 1872, plaintiffs paid defendant on account of said grapes
$598 in cash and twelve dollars and fifty cents in brandy, in all

$610.50, leaving due on that day the sum of $238.88. On that day the plaintiff Reuben P. Calkins and the defendant had an accounting of the dealing between the parties, which included the balance due the defendant for his grapes. On such accounting neither the weight of the grapes nor of the crates in which they were delivered was known with accuracy by either party, nor were they able, from recollection or the memoranda then before them, to determine the weight of the grapes or the crates correctly at that time. They thereupon agreed that the whole quantity of grapes, including crates, was 65,600 pounds, and that there should be deducted therefrom 600 pounds for the weight of the crates, and that upon the basis of those items and weights, allowing to each party the other items above stated, respectively, the balance due from the plaintiffs to the defendant was $403.26. The plaintiffs thereupon paid to the defendant, and the latter accepted in full of such balance, the sum of $402, of which $400 was received by the defendant upon a promissory note, which the plaintiffs delivered to him for that purpose. At the time of such accounting Calkins claimed there should be deducted 1,600 pounds for weight of crates, and the defendent claimed that only 600 pounds should be deducted on that account. The referee also found that in calculating the amount owing on the basis of said agreement, Calkins made a mistake which neither he nor the defendant then discovered, in calling such amount $403.26; that the true and correct amount owing upon the basis of the items then agreed upon was $374.50, and that in consequence of such mistake the payment then made exceeded the amount due by twenty-seven dollars and fifty cents; that before suit, the plaintiffs, claiming there was a mistake, demanded of the defendant the sum overpaid, which they claimed was about $120, but the defendant refused, alleging that there was no mistake. The referee decided, as matter of law, that the agreement of the tenth of March operated as an accord and satisfaction in respect to the several items included therein, and precluded the plaintiff from recovering the excess paid on account of the grapes, but that the overpayment of twenty-seven dollars and fifty cents having occurred in consequence of the mistake which arose in determining the sum necessary to make satisfaction upon the account, the plaintiffs are entitled to recover the same, with interest.

*E. B. Pottle*, for appellants. If the transaction amounted to a settlement, and a mistake was made by which defendant got more money than was due him, the plaintiffs were entitled in this action to recover it back. (*Franklin Bank* v. *Raymond*, 3 Wend., 69; *Burr* v. *Vedder*, 2 id., 412; *Wheadon* v. *Olds*, 20 id., 174; *Canal Bank* v. *Bank of Albany*, 1 Hill, 287; *Bank of Commerce* v. *Union Bank*, 3 N. Y., 230; *Bank* v. *Ettinge*, 40 id., 391; 11 Abb. [N. S.], 116; 4 id., 34; *Bank of Troy* v. *Bank New York*, 43 N. Y., 452; *Harlem R. R. Co.* v. *Marsh*, 12 id., 308; *Westerloo* v. *Dewitt*, 36 id., 340; *Martin* v. *McCormick*, 8 id., 331.)

*H. M. Field*, for the respondent.

SMITH, J.:

It is an elementary principle of law, as well as of the plainest equity, that where money is erroneously paid by one person to another, in consequence of a mutual ignorance as to facts, which, if known, would have prevented the payment, the money so paid may be recovered back. (*Burr* v. *Veeder*, 3 Wend., 412.) An error of fact takes place, either when some fact which really exists is unknown, or some fact is supposed to exist which really does not exist. (*Mowatt* v. *Wright*, 1 id., 355, 360.) A contract made upon an assumed state of facts, as to which there is a mutual mistake, may be rescinded on discovering the mistake, and the party paying money upon it may recover it back. This principle applies to every form of contract, express or implied, including an account stated, and an accord and satisfaction. The principle of an accord and satisfaction is, that a party who has a legal right of action against another may accept of some other legal thing in discharge of his claim. But if the parties to an accord and satisfaction, in settling a claim, act under a mutual mistake of facts, there is nothing in the nature of the transaction which prevents a court of law from correcting the mistake or relieving from its consequences, in a proper action for that purpose. In *Wheadon* v. *Olds* (20 Wend., 174), the principle was applied to a case somewhat analagous to this. There, the defendant agreed to sell to the plaintiff from sixteen to twenty hundred bushels of oats, at forty-nine cents per bushel. The delivery of the oats was com-

menced by removing them from a store-house to a canal boat; tallies were kept, and when the tallies amounted to 500, it was proposed to guess at the remainder; and after a while it was agreed to call the whole quantity 1,900 bushels, and the plaintiff accordingly paid for that quantity at the stipulated price. When the oats came to be measured it was ascertained that there were only 1,488 bushels delivered. It was then found that the *mistake* had happened by both parties assuming as the basis of the negotiation fixing the quantity of 1,900 bushels, that 500 bushels had been loaded in the boat at the time when they undertook to *guess* at the residue, whereas, in fact, only 250 bushels had been loaded — the tallies representing *half* bushels and not *bushels* — and that the parties supposed that the quantity loaded was not a *quarter* of the whole. The action was for money had and received, to recover back the excess paid by mistake. On the trial, the defendant proved by one witness that the plaintiff said that he would take the oats at 1,900 bushels, *hit or miss*, and by another that he had acknowledged that he took the oats at that quantity *at his own risk*. He further proved that before the boat left the store-house, on dissatisfaction being expressed by a friend of the plaintiff who was to advance the money for him, as to the mode of ascertaining the quantity, he told them if they were dissatisfied with the quantity, to put the oats back into the store-house and pay him for his trouble. The plaintiff recovered a verdict, and the defendant moved for a new trial, which was denied. COWEN, J., delivering the opinion of the court, said that the mistake, as proved, went not only to the quantity measured, but the jury found, under the charge, that relatively it influenced the entire agreement to take the oats at 1,900 bushels; and that being the case, the learned judge said he was not aware of any case or *dictum*, that, because part of the agreement was to take at the party's own risk, or, as the parties expressed it, hit or miss, it therefore formed an exception to the general rule. The agreement to risk was, *pro tanto*, annulled by the error. The foundation of the arrangement to take the plaintiff's risk was a misreckoning, one number being put instead of another, "which," says Domat (pl. 12), "is a kind of error, in fact different from all other errors, in that it is always repaired."

In the present case the referee has not found, indeed, in terms,

that the parties acted under a mutual mistake, but he has found that, at the time of the accounting, they did not know or recollect accurately the weight of the grapes or the crates ; that they agreed to call the crates 600 pounds, and the grapes, after deducting the crates, 65,000 pounds, and that in fact the whole quantity of grapes delivered was 55,959 pounds. He has not found that there was any dispute as to the quantity of grapes, and the uncontradicted testimony shows there was no dispute on that subject, the plaintiff having suggested the quantity, and the defendant having agreed to it without question. There was a difference between them as to the weight of the crates, but the defendant compromised nothing in that respect, as his claim was acceded to by the plaintiff. There is no finding inconsistent with the fact of a mutual mistake, and we are therefore to look into the evidence to see what it establishes in that respect. There is uncontradicted evidence in the case, which leaves no doubt that Caulkins, at least, acted under a mistake as to the weight of the grapes. He so testifies, and upon no other reasonable theory can his proposal be accounted for to pay for several thousand pounds more than had been delivered. It is equally manifest from the evidence that the defendant also was mistaken as to the quantity of the grapes, unless he was practicing a fraud upon Caulkins. There is no ground for the suggestion that he merely kept silence on the subject. Caulkins testified that the defendant said he thought the figures were about right, as they were about as he had them at home.

The defendant did not deny the statement, and he himself testified that when the plaintiff announced, after figuring a long time, that he made the defendant's account to be 65,600 and some pounds, the defendant replied that "may be that was right," although proposing at the same time to examine the matter before settling. If he *knew* the correct amount at that time, his own account of the conversation shows that he was not acting in good faith. There is some evidence of his subsequent declarations, tending to show that he did know the true amount at the time of the accounting and that he took advantage of the mistake of Caulkins, but as the report of the referee is silent upon the question of fraud, it is to be implied that his decision upon that issue was adverse to the plaintiffs, and there is not such a decided preponderance of evidence the other way as to lead to the conclusion that the implied finding is against the

weight of evidence. The only other conclusion, then, warranted by the evidence, is that the defendant participated in the mistake of the plaintiff as to the quantity of grapes. The mistake was mutual, and it entered into the accord and satisfaction. The parties "jumped accounts" as the defendant expressed it, upon the mistaken assumption that the quantity of grapes delivered was 65,000 pounds. But for that mistake, the sum fixed upon would not have been agreed to. And as there was no dispute about price or quality, it is apparent that if the parties had known the correct quantity at the time, they would have agreed on the sum which it now appears was the true amount owing upon the contract. The accord is not a bar to the correcting of a mistake by which the accord was induced.

The referee very properly held the plaintiffs entitled to recover the money paid, in consequence of the mistake made in computing the amount due upon the basis of the accord. He should have gone further and allowed to the plaintiffs the money paid by mistake for grapes in excess of the quantity delivered. The same principle which corrects the one mistake will correct the other. In either case it is unconscientious that the defendant should retain the money ; it equitably belongs to the plaintiffs, and no rule of law stands in the way of their recovering it.

Judgment reversed and new trial ordered before another referee, costs to abide event.

Present — MULLIN, P. J., TALCOTT and SMITH JJ.

Judgment reversed and new trial ordered before another referee, with costs to abide event.