# SUPREME COURT.

MARCUS FLEISHHAUER agt. JOHN F. DOELLNER and others.

*Mortgage — Decree of sale permitting purchaser to retain out of purchase money the amount of taxes — Motion to deduct amount of taxes from judgment for deficiency should have been made before sale — Party assuming payment of bond and mortgage becomes principal debtor and is bound to see that the taxes are paid.*

The mortgage in suit, which contains no covenant to pay taxes, was executed by defendant Doellner in 1872. He sold the premises in 1873 to defendant Guggenheimer, who assumed payment of the mortgage. In 1874, Guggenheimer sold the property subject to the mortgage. The judgment of foreclosure permitted the purchaser to retain out of the purchase money the amount of all taxes and assessments which, at the time of the sale, were a lien on the premises, and $578 were deducted to discharge taxes due upon the premises for 1877 and 1878:

*Held,* that a motion by Guggenheimer to deduct the $578 from the judgment against him for deficiency, comes too late after sale under the decree; and that at any rate Guggenheimer was liable for the deficiency after deducting such taxes from the purchaser's bid.

*Special Term, January,* 1881.

MOTION to amend a judgment.

*Mr. Guggenheimer,* for motion.

*Mr. Lawrence,* opposed.

VAN VORST, *J.*—I am of opinion that the motion comes too late. The mortgaged premises have been sold under the decree and in pursuance of its directions, and the moneys applied according to its terms. The taxes were deducted from the bid of the purchaser as the judgment directed.

If there was anything wrong in the judgment, relief should have been asked before the sale was made following its terms. But were it otherwise, I think the defendant Guggenheimer

was legally and equitably liable for the deficiency after deducting the taxes from the purchaser's bid. Guggenheimer, by assuming the payment of the bond and mortgage, became the principal debtor, and it was his business to see that the taxes were paid.

The mortgagee is entitled to the amount of his mortgage, and he cannot be injured through the accumulation of taxes growing out of the default of those whose duty it was to see that they were paid.

While Guggenheimer covenanted to pay the bond and mortgage, and thereby became the principal debtor, he conveyed the premises without exacting a similar covenant from his grantee, so he continued to remain personally chargeable for the payment of the bond and mortgage.

*The Mutual Life Insurance Co.* agt. *Davis* (44 *Superior Ct. R.*, 173) and *Marshall* agt. *Davis* (78 *N. Y.*, 414) are adverse to the contention of the defendant, and his motion is denied, with ten dollars costs.