NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—January, 1885.

ZAPP v. MILLER.

*In the matter of the estate of* ADAM MULLER, *deceased.*

Decedent, during his lifetime, assigned a certain leasehold to Z., who, to
secure a part of the consideration, gave back a bond, and mortgage
thereof, conditioned for the payment of $3,700, in semiannual instal-
ments "until the whole principal sum is fully paid, and interest on the'
amount from time to time remaining unpaid . . . . . at the rate of
seven per cent., per annum." Z. assigned the lease, subject to the
mortgage, which the assignee assumed and agreed to pay, to M., who
assigned to another without mentioning the mortgage. Thereafter M.,
having been appointed executor of decedent's will, which disposed of the
estate for life, with remainder over, caused the mortgage to be satisfied
of record, and filed an account charging himself with no indebtedness
in the premises. Upon a judicial settlement of M.'s account, had
after the death of the life tenant, and to which the latter's representa-
tive was not a party, no evidence was given of the payment of any
part of the principal of the mortgage, or interest thereon.—

*Held,* that M., by his assumption, became decedent's debtor in the amount
of the mortgage, and was chargeable therewith, in favor of the remain-
dermen, with interest at the rate of seven per cent., from the date of
the instrument, save for the period between the death of the decedent
and that of the life tenant.

Warner v. Knower, *ante,* 208—compared.

Where a will gave to testator's widow the income of all his estate, "after
deducting taxes, assessments, interest on mortgages, if any, *and other
charges and expenses,* for and during her natural life,"—

*Held,* under the doctrine of *ejusdem generis,* that disbursements for fune-
ral expenses, transportation of decedent's remains, and services of his
attending physician, were chargeable to the *corpus* of the estate, and
not to income.

HEARING of exceptions to the report of referee, to
whom were referred the account of Charles J. Miller,
the executor of decedent's will, and the objections
thereto, filed by Catharine Zapp, a legatee, in pro-
ceedings for judicial settlement.

F. H. RODENBURGH, *for executor.*

BLISS & SCHLEY, *for objector.*

THE SURROGATE.—To the account of this testator's executor, filed in October, 1883, various objections were interposed on behalf of Catharine Zapp, a legatee. The issues thus raised were submitted to a referee, whose report is before me for review. Such of its findings as have been excepted to by the executor I shall now proceed to consider.

In October, 1871, one Jacob Zapp mortgaged to this decedent, for the sum of $3,700, certain leasehold property in the city of New York. The mortgage was given to secure the payment of a part of the consideration for decedent's assigning the lease of such property to the mortgagor. In February, 1875, this lease was assigned by Zapp to Charles J. Miller, the person here accounting as executor, "subject," as was in the assignment set forth, " to a certain mortgage . . . . . to secure the sum of $3,700, which said Charles J. Miller hereby assumes and agrees to pay." In March, 1879, Miller assigned the lease to another, by an instrument that made no mention of the mortgage. In November of the same year, he became this decedent's executor, and, in January, 1882, as such executor, caused the mortgage to be satisfied of record.

In his account on file, he has charged himself with no indebtedness in connection with the transactions above described, and at the trial before the referee no evidence was offered tending to show that any sum, either as principal or interest, had been paid

upon the bond whose payment the mortgage was given to secure. I concur with the referee in holding that Miller, by assuming this mortgage, became decedent's debtor, and, as such, subject to precisely the same liability as that to which his assignor had been subject theretofore (Fleishhauer v. Doellner, 9 *Abb. N. C.*, 372 ; Burr v. Beers, 24 *N. Y.*, 178 ; Comstock v. Drohan, 71 *id.*, 9).

The referee finds that there should be charged, against this executor, interest at the rate of seven per cent., from the date of the mortgage until now, save for the period between the decedent's death and the death of the life tenant. He finds that, during that interval, such life tenant was alone entitled to interest on the mortgage in question, and that the executor is not called upon to account therefor in this proceeding, to which the representatives of such life tenant are not parties. I sustain the referee's conclusions, both as to the time for which interest should be charged, and as to the rate at which it should be computed. The mortgage is conditioned for the payment of " $3,700, in instalments and manner following, viz.: the sum of $500 on the first day of July, 1873, and a further sum of $500, or more, every succeeding six months thereafter, viz.: every first day of January and July thereafter, *until the whole principal sum is fully paid, and interest on the amount from time to time remaining unpaid,* to be computed from November 1st, 1871, at and after the rate of seven per cent., per annum, to be paid half-yearly on the first day of January and July of eacħ and every year." .

Under the decision of the Court of Appeals, in O'Brien v. Young (95 *N. Y.*, 428), I hold that the interest on the mortgage here in question is still running against this executor at 7 per cent. There is nothing in the recent opinion of the Surrogate, in Warner v. Knower (*ante*, 208), that is in conflict with this notion. It was there held that, despite the statute declaring that, for certain purposes, an executor's indebtedness to his decedent's estate must be regarded as so much money in his hands, assets of such estate, a debtor-executor is, nevertheless, chargeable with legal interest upon the amount of his debt until such debt has in fact been paid, and that the obligation of such debtor-executor, in that regard, is precisely like the obligation of any other debtor under like circumstances. Now, in the present case, this executor is chargeable with the same amount of interest that the original mortgagor would be bound to pay, if the lease had never been signed by him, and if the executor had never assumed any liability on the mortgage.

I sustain the exception respecting the disbursement of $618 for funeral expenses, including expenses for transportation of decedent's body, and for services of his attending physician. The referee does not question the reasonableness and propriety of these expenditures, but holds that, by the terms of the will, they are properly chargeable against the income, and not against the *corpus* of the estate. The will provides that the testator's widow shall have the interest and income of all his estate, real and personal, " after deducting taxes, assessments, interest on mortgages, if any, and other charges and expenses, for and during

her natural life." I have no doubt that the signification of the general words " other charges and expenses " is narrowed by their association with the words preceding (Stephens v. Taprell, 2 *Curt.*, 458 ; Newman v. Newman, 26 *Beav.*, 220 ; Cook v. Oakley, 1 *P. Wms.*, 302 ; Barnaby v. Tassell, *L. R.*, 11 *Eq.*, 363 ; Roberts v. Kuffin, 2 *Atk.*, 112 ; Minor's. Executor v. Dabney, 3 *Rand.*, *Va.*, 191).

The doctrine of *ejusdem generis* is not always one of easy application, but it can be here applied without difficulty. The " other charges and expenses," that are to be deducted from the interest and income, are charges and expenses which, *like* taxes, assessments and interest on mortgages, are ordinarily charged upon a life tenant.