HYLAND A. WEED, AS ADMINISTRATOR, ETC., OF CYNTHIA A.
PAYNE, DECEASED, RESPONDENT, v. ALONZO HORNBY AND
IRENE M. HORNBY, HIS WIFE, APPELLANTS, IMPLEADED, ETC.

*Right of a mortqagee to pay taxes to preserve his lien.*

The owner of an undivided half interest in real estate is not under any obligation
to one to whom he has mortgaged his said one-half interest to pay the whole
tax levied upon the premises, but is only bound to pay one-half thereof, and in
case the mortgagee pay the whole of the tax in order to preserve his lien, he
will only be allowed to recover one-half of the amount so paid from the pro-
ceeds of the sale arising upon a foreclosure of his mortgage.

APPEAL from a judgment in favor of the plaintiff, entered on the
report of a referee.

*Ellsworth & Potter*, for the appellants.

*Wm. Porter*, for the respondent:

BRADLEY, J.

The defendant Robert T. Payne made to his father his bond with
condition to pay semi-annually to him during his life, and after his
death to his wife, if she survived him during her life, or until she
remarried, the interest on $1,500, and then the principal sum to his
executors or administrators. The father afterwards died leaving
his wife surviving him, and his will by which he appointed the
defendant Whiting executor of it, to whom letters testamentary
were duly issued. The obligor and wife then made to the executor
as such a mortgage on the premises in question to secure the
performance of the unexecuted condition of the bond. The widow
of the obligee died in July, 1880, unmarried, and there was then
remaining due to her of the interest on the bond $858.13. Letters
of administration on her estate were issued to the plaintiff. He as
such administrator requested the executor Whiting to take pro-
ceedings to collect the moneys secured by the bond and mortgage
and which were due to his intestate at the time of her death, which
he declined to do. Thereupon he brought this action to foreclose
the mortgage making the executor a party defendant, and by the
complaint asks judgment that out of the proceeds of the sale he be

paid the amount so due his intestate, and the executor be paid the principal sum, etc. The defendant Alonzo Hornby had purchased the premises on foreclosure sale of a mortgage subsequent to the one in question, and Irene M. Hornby was his wife. Those two defendants alone defend. Judgment was recovered for the relief prayed for in the complaint. The defendants contend that the plaintiff's intestate had no relation to the bond and mortgage to· enable the plaintiff to maintain the action.

By the terms of the bond the interest was payable to the plaintiff's intestate. · She had the right to demand and receive it from the obligor. And the unpaid interest which accumulated prior to her death, the plaintiff as administrator was entitled to receive from him. The mortgage was taken to secure the payment of that as well as the principal. And the plaintiff had the right to have the enforcement of that security and avail himself of it to collect the money due him. (1 R. S., 737, § 133; *Waterman* v. *Webster*, 33 Hun, 611–616.)

The defendant Whiting as executor having declined to take proceedings to foreclose the mortgage or to join with the plaintiff in an action for that purpose, the latter clearly had the right to bring the action as he did, and make the executor a party defendant to the end that the court by judgment might direct the disposition of the proceeds as the· rights of the parties interested required. (*Bate* v. *Graham*, 11 N. Y., 237; *Dewey* v. *Moyer*, 72 id., 70; *Everingham* v. *Vanderbilt*, 51 How., 177; *Greaves* v. *Gouge*, 69 N. Y., 154.)

It is well settled that parties, having an incidental or contingent interest only in the subject of action to protect, may bring suit in equity on the refusal of those in whom the right to sue primarily exists, joining the latter as defendants (see cases above cited), but here the plaintiff has an interest direct and certain, and no reason is manifest why he may not have the primary right to be a party plaintiff in common and joined with the executor Whiting in an action either on the bond or to enforce the security for its payment.

The testimony of Robert T. Payne, offered to prove his letters with inclosures sent to the plaintiff's intestate and letters received from her by him, was properly excluded. He is a party to the ·action interested in its event, and the purpose and effect of the testimony was to prove a personal communication between him and

his deceased creditor, that he had paid her money upon the claim in question, and that she had acknowledged by letters to him its receipt, which comes within the statute. (Code Civ. Pro., § 829; *Church* v. *Howard*, 79 N. Y., 415.)

It appears that the executor Whiting paid certain taxes which were liens on the premises. The judgment directed that he be reimbursed out of the proceeds of the sale. The defendant's counsel contends that this is error. So far as Whiting paid taxes, which were liens upon the mortgaged premises, and which it was the duty of the mortgagor or those holding the legal title under him to pay, it will be assumed he paid them to protect the security held by him, and he was entitled to repayment out of the proceeds of the sale. (*Silver Lake Bank* v. *North*, 4 Johns. Ch., 370; *Faure* v. *Winans*, 1 Hopk., 283; *Eagle Ins. Co.* v. *Pell*, 2 Edw., 631; *Burr* v. *Veeder*, 3 Wend., 412; *Brevoort* v. *Randolph*, 7 How., 398; *Fleishhaur* v. *Doellner*, 9 Abb. N. C., 372; S. C., 60 How., 438; *Marshall* v. *Davies*, 78 N. Y., 414; *Sidenberg* v. *Ely*, 90 id., 257.)

The mortgage in question covered only one undivided half of the premises described in the complaint, and the defendant, Robert T. Payne, owned such undivided half as tenant in common with another when he gave the mortgage in suit, and the one subsequently given to defendant Alonzo Hornby under which the latter took the legal title to such half only as tenant in common. The evidence is that these taxes so paid by Whiting were liens on the whole premises, and there is no evidence tending to prove that they were less than the entire amounts of the taxes of those years assessed on the whole premises. Upon that evidence the referee found that Whiting paid taxes " which were a lien on the mortgaged premises amounting," etc. If the amount so paid was only one-half that assessed on the whole, it was properly allowed. The assessment was of the whole premises, and the tax levied in like manner so that it was a lien on the entire and every part of the land. It cannot be presumed on the evidence that the amount so paid by him was only one-half. As the fact appears by the record, the question arises whether the executor can charge on the undivided half or on the proceeds of the sale of it, the amount paid of taxes assessed and levied on the whole, inasmuch as the mere pay-

ment of one-half would not have the effect to sever and relieve the mortgaged undivided half from the lien. It may be observed that the right to pay and discharge a lien to protect security and charge another, rests upon the duty and liability to pay and default of such other person, as between the parties, as well as upon the right or necessity to thus give protection.

There was no duty or liability of the mortgagor or of the defendant Hornby to pay any more than the amount of the assessment and levy on the undivided half. And that was one-half of the tax assessed on the whole. And it is difficult to see any legal reason for charging the entire tax so paid on the proceeds of sale assuming those so paid were such. It cannot be supported by the fact that the mortgagor or the defendant holding the legal title under him neglected to have the assessment made to the owners severally upon their undivided halves. The right of redemption from sale of the whole by a tenant in common of his share is provided for by statute. (Laws of 1855, chap. 427, §§ 51, 52.) The amount directed to be paid to the defendant Whiting by way of reimbursement for the taxes by him so paid, is $159.90. In all respects except this one the case was properly disposed of by the referee.

The judgment should be reversed and a new trial ordered, costs to abide event, unless the plaintiff stipulates to deduct seventy-nine dollars and ninety-five cents as of the date of the judgment from the amount by it directed to be paid to the defendant Whiting for taxes, etc. And if the stipulation be so made, the judgment so modified should be affirmed, with costs.

BARKER and HAIGHT, JJ., concurred.

So ordered.